(No. 24968.— )

SAYDE E. FITZPATRICK, Admx., Appellant, *vs.* NORMAN B. PITCAIRN *et al.* Appellees.

*Opinion filed February 22, 1939—Rehearing denied April 12, 1939.*

SHAW, C. J., and ORR, J., dissenting.

KNOBLOCH & SLOAN, (JOHN F. SLOAN, JR., of counsel,) for appellant.

MILLER, ELLIOTT & WESTERVELT, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The question in this case is whether, in an action against an incorporated railroad company for damages on account of wrongful death, the receivers of the railroad company, who were such at the time of the accident and when the suit was begun, may, after the statutory limitation of one year for commencing suit, be added or substituted as defendants in place of the railroad company.

Plaintiff's husband and two minor children were accidentally killed by a passenger train on January 18, 1936,

at a highway crossing in the village of Campus, in Livingston county. Within one year thereafter, as administratrix of their respective estates, plaintiff instituted three suits in the circuit court of Peoria county to recover for their deaths. In each of the complaints the "Wabash Railway Company, a corporation" and A. F. McDonald, the engineer of the train, were named as defendants. The proceedings in each case were the same. The summons recites service upon the railway company by delivering a copy to Charles T. Chapman, its agent. Separate amended answers were filed by McDonald and the Wabash Railway Company. The answers denied the averments in the complaints that the railway company was in possession and control of and was operating the railroad and train. More than one year after the accident, the receivers were, by leave of court, added as parties defendant and were served with process. They filed a motion to dismiss the complaint as to them on the ground they were not made parties until more than one year after the accidental deaths. Plaintiff filed a motion to amend the name of defendant by making the receivers a party instead of the railway company, and demanded a jury trial on issues of fact alleged to be set forth in her motion. The motion contained no allegation of fact. The demand for a jury trial was refused and evidence was heard by the court. Plaintiff's motion was denied, and the motion of the receivers to dismiss the complaint, as to them, was granted. Thereupon plaintiff filed a motion for leave to file an amended complaint and to amend the summons and return by substituting the names of the receivers for that of the railway company. The motion to amend the summons and return was denied. Upon leave granted, an amended complaint was filed naming the receivers as defendants, and charging they were in possession and control of and were operating the railroad and train at the time of the accident, with allegations of negligence and resulting injury. The motion of the receivers to dismiss the

original complaint was ordered to stand to the amended complaint. Plaintiff's demand for a jury trial under the motion was denied. The motion to dismiss was allowed and the suit was dismissed at plaintiff's cost. Upon an appeal in each case to the Appellate Court for the Second District the causes were consolidated and the judgments of the circuit court were affirmed. The consolidated cause is here by appeal from the Appellate Court on a certificate of importance.

Plaintiff claims the court erred in dismissing the receivers from the suit; in denying the motion to amend the summons and return; in denying a demand for a jury trial; in denying the motion to dismiss the amended complaint, and in dismissing the amended complaint. We first notice the claim that plaintiff was entitled to a jury trial on questions of fact raised by the motions. The motion to dismiss recites chronologically the proceedings, with their dates, including the alleged date of the injury and death, none of which is disputed. It concludes with averments that the suit was not commenced against the receivers within one year from the date the cause of action arose, and the cause of action against the receivers did not accrue within one year next before it was commenced against them. The motion for leave to file the amended complaint sets out that the answers to the original complaint were filed by the same counsel who represent the receivers; that, at the coroner's inquest, McDonald testified he was an engineer for the Wabash Railway Company; that representatives of the receivers were present at the inquest, and an investigation and a report of the accident were made by agents of the receivers; that plaintiff's counsel did not learn the correct name of the defendant was that of the receivers until more than one year after the death of the decedents, and, prior thereto, plaintiff and her attorneys had every reason to believe the name of the defendant operating the trains was "Wabash Railway Company;" that the engine and cars of the train

involved bore the name "Wabash" or "Wabash Railway Company," and the latter name appears on the office door of the railroad in Peoria, and in the city directory and telephone directory of that city, without any reference to the receivership; that Charles T. Chapman was for many years prior to 1931 general freight-agent of the railway company and that he has been in the employ of the receivers since their appointment; that immediately after summons was served upon him he communicated notice thereof to his superior and the answers to the original complaint were filed. by, through and at the request of the receivers to delay proceedings in the hope that plaintiff would not discover the defendant until the one year limitation for filing suit had expired. A number of the facts alleged were proved at the hearing on the motion to dismiss the original complaint. It was also proved that the names of the receivers appeared inside the coaches, and on tariffs, tickets, freight bills and posters. The testimony was adopted on the motion to dismiss the amended complaint. Plaintiff's claim is that, under the facts shown, the receivers were parties defendant from the time the suit was first instituted. None of the allegations of fact in the amended complaint, and none of plaintiff's evidence is in any way controverted or questioned by the motion to dismiss. The only issue on the motion was whether the law, as applied to the facts, shows the suit was in legal contemplation commenced against the receivers within the statutory limitation. No issue of fact was involved. The provision in section 48 of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 172) that, on a motion to dismiss, if disputed questions of fact are involved, the court shall deny the motion if the action is one at law and the opposite party demands the issue be tried by a jury, has no application here. The court did not err in denying the demand for a jury trial.

Under the claim that the court erred in dismissing the receivers from the suit and in dismissing the amended com-

plaint, appellant confuses the holdings in cases of misnomer and cases involving a distinct change of parties intended to be sued. Among the cases cited and relied upon by plaintiff, where a party was sued by the wrong name, are *Pennsylvania Co.* v. *Sloan,* 125 Ill. 72; *Pond* v. *Ennis,* 69 id. 341; *Heckman's Admx.* v. *Louisville and Nashville Railroad Co.* 85 Ky. 631, 4 S. W. 342. The holding in those cases is that where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement, and if he does not do so, or appears and files an answer, he will be concluded by the judgment or decree the same as if he were described by his true name. That there was not a misnomer in the case at bar is obvious from the fact that the verified motion for leave to file an amended complaint discloses that when the suits were filed plaintiff and her counsel believed the railway company was operating the train at the time of the accident. They did not learn the receivers were the proper defendants until more than a year after the death of the decedents. It follows that the railway company was the party intended to be sued. There was no misnomer but a case of mistaken identity of the party liable. In *Proctor* v. *Wells Brothers Co. of New York,* 262 Ill. 77, where there was a case of mistaken identity, we distinguished the *Sloan case, supra,* and held that, as to the plaintiff's employer, the commencement of an action against one party upon a cause of action against another party will not arrest the running of the limitation in the Injuries act against the latter. We made the same distinction in *County of Winnebago* v. *Industrial Com.* 336 Ill. 466. The fact that Chapman was actually an agent of the receivers at the time the summons was served upon him, did not constitute service upon the receivers. He was not served or intended to be served as an agent of the receivers, but as agent of the Wabash Railway Company, a corporation. If there had

been a mere misnomer the service would have been good as to the receivers, but that is not true where the receivers were not the party intended to be sued. The railway corporation was in existence at the time, and even if, as claimed by plaintiff, Chapman was not its agent, the service would merely be a nullity·as to the corporation.

In *Davis* v. *Industrial Com.* 315 Ill. 341, a liability for injury to an employee arose and an application for compensation was filed while the Southern Railway Company was under Federal control. The claim for compensation was filed against the railway company, alone. The Director General of Railroads, although not a party to the proceeding, made payments of compensation from time to time. When payments were stopped, the employee, after the limitation period in the Federal act, filed a motion to substitute the Director General of Railroads as agent under the Transportation act, in place of the railway company. We held that the filing of the petition for compensation against the railway company did not constitute a cause of action against the government and no right of substitution existed after the limitation period. In that case we cited with approval *Davis* v. *Chrisp,* 159 Ark. 335; *Fisher* v. *Wabash Railway Co.* 235 N. Y. 668, (*certiorari* denied, 263 U. S. 706); *Dubied* v. *Pennsylvania Railway Co.* 139 N. E. (N. Y.) 739; *Weil* v. *New York Central Railroad Co.* 139 id. 738; and *Fahey* v. *Davis,* 195 N. W. (Mich.) 46. In each of those cases a suit was instituted against a railroad company while under Federal control, and in each case it was held the Federal officer could not be substituted as defendant after the limitation period. To the same effect is *Davis* v. *Cohen,* 268 U. S. 638, 69 L. ed. 1129.

Plaintiff claims that under *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222, the substitution of the receivers was not barred by the Injuries act. In that case there was no change of parties. An amendment filed after the limitation for commencing suit charged the decedent

was injured in a different manner than charged in the original complaint. We there held that the amendment was proper under section 46 of the Civil Practice act. (Ill. Rev. Stat. 1937, chap. 110, par. 170.) In the course of the opinion, we said: "The Injuries act applies to the commencement of a suit and has no application to matters of pleading or procedure thereafter." Adhering to our former holdings we said the time fixed by the Injuries act for commencing an action for wrongful death is not a statute of limitations, but is a condition of the liability itself; that it is a condition precedent attached to the right to sue at all, and, being so, the plaintiff must bring himself within the prescribed requirements necessary to confer the right of action, citing *Day* v. *Talcott,* 361 Ill. 437; *Bishop* v. *Chicago Railways Co.* 303 id. 273; *Hartray* v. *Chicago Railways Co.* 290 id. 85. Those holdings are applicable here. The *Bowman Dairy Co. case* in no way supports plaintiff's contention. The suits at bar were not commenced against the receivers within the one-year limitation prescribed by the Injuries act. Substituting them as defendants after the limitation period is not within the purview of section 46 of the Civil Practice act. What is here said disposes of the contention that the court erred in denying the motion to amend the summons and return by substituting the names of the receivers.

Appellant insists that by the facts set out in her motion for leave to file an amended complaint the receivers held themselves out to the public as being the "Wabash Railway Company;" that she acted upon that representation and the receivers should be estopped to say their true name should be substituted. Before the doctrine of an equitable estoppel can apply, it must appear that the party to be estopped has, by his conduct, wilfully made false representations of material facts for the purpose of inducing another person to act upon them, and that the party claiming to have been influenced by the conduct or declarations

o

of another to his injury was, himself, not only destitute of knowledge of the state of facts, but was also destitute of any convenient and available means of acquiring such knowledge. (*Supreme Tent Knights of Maccabees* v. *Stensland,* 206 Ill. 124; *Gallagher* v. *Northrup,* 215 id. 563.) Neither of these elements is present here. The testimony shows the names of the receivers appeared on the tickets, tariffs, freight bills, and posters and inside the coaches, fully and conveniently accessible to appellant before commencing her action. Nor is there any showing that the facts alleged by appellant were the product of any wilful false representation for the purpose of inducing anybody to act upon them. The claim is without merit.

Having failed to commence suit against the receivers within one year after the cause of action accrued, plaintiff did not comply with the condition precedent of the Injuries act.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

SHAW, C. J., and ORR, J., dissenting.