Docket No. 90796–Agenda 31–September 2001.

RICHARD MORTON, as Independent Adm’r for the Estate of William R. Morton, Appellant, v. MADISON COUNTY NURSING HOME AUXILIARY 
et al.
 (The County of Madison, Appellee).

Opinion filed November 21, 2001.

JUSTICE THOMAS delivered the opinion of the court:

The issue in this case is whether the plaintiff’s amended complaint adding a new defendant relates back to his original complaint under section 2–616(d) of the Code of Civil Procedure (735 ILCS 5/2–616(d) (West 2000)).

BACKGROUND

William Morton was a resident of the Madison County Nursing Home. In 1998, William perished when he either fell or jumped from a third-story window of the nursing home. Later that year, the administrator of William’s estate, Richard Morton, timely filed a two-count complaint pursuant to the Wrongful Death Act (740 ILCS 180/0.01 (West 2000)) and the Survival Act (755 ILCS 5/27–6 (West 2000)) against the Madison County Nursing Home Auxiliary (Auxiliary), and served its registered agent, the director of the nursing home (hereinafter, the first service). The Auxiliary filed an answer raising the affirmative defense that it has no title, interest, authority, or control over the nursing home. Instead, the Auxiliary contended, Morton should have named Madison County as the defendant and served its agent, the county clerk, because the nursing home was subject to the authority and control of the County.

After the statute of limitations had expired, Morton moved to amend his complaint under section 2–616(d) of the Code of Civil Procedure (735 ILCS 5/2–616(d) (West 2000)) to add the County as a defendant. Pursuant to that section, Morton averred that: (1) the original complaint had been filed within the limitations period for a wrongful-death action; (2) the failure to join Madison County as a defendant was inadvertent; (3) the summons was originally served on the director of the nursing home as an agent of Madison County; (4) Madison County was aware of the pending action from its inception; and (5) the cause of action asserted against the County in the amended complaint grew out of the same occurrence set forth in the original complaint.

The trial court allowed Morton’s amendment, and Morton served the amended complaint on the County’s registered agent, the county clerk (hereinafter, the second service). In response, Madison County filed a motion to dismiss, arguing that Morton’s amended complaint did not relate back to his original complaint because it failed to comply with section 2–616(d). Specifically, the County argued that the nursing home director, whom Morton had initially served, was not the proper agent of the County for purposes of service. Therefore, Morton failed to satisfy the third prong of section 2–616(d) which requires actual service on the proper defendant. See 735 ILCS 5/2–616(d)(3) (West 2000). Morton responded that even if his first service did not satisfy the third prong, his second service–that on the county clerk after the limitations period had expired–did satisfy the third prong.

The trial court granted the County’s motion to dismiss, and Morton appealed. The appellate court affirmed, holding first that Morton’s service on the nursing home director was not proper under section 2–211 of the Code of Civil Procedure because the proper agent for service on a county is the chairperson of the county board or the county clerk. Section 2–211 provides that, “summons may be served by leaving a copy with the chairperson of the county board or county clerk in the case of a county ***.” 735 ILCS 5/2–211 (West 2000). The court concluded that, because the director was not an “agent” of the County for purposes of service, Morton’s first service did not satisfy the third prong of section 2–616(d). The appellate court also held that Morton could not rely on his 
second
 service to satisfy section 2–616(d) because the third prong of section 2–616(d) requires that service occur within the limitations period. Morton’s second service did not occur until after the limitations period; therefore, the court held that it did not satisfy the third prong. The appellate court thus concluded that, under section 2–616(d), Morton’s amended complaint adding the County as a defendant did not relate back to his original complaint. 317 Ill. App. 3d 561.

We granted Morton’s petition for leave to appeal pursuant to Supreme Court Rule 315(a) (177 Ill. 2d R. 315(a)), and now affirm the appellate court.

ANALYSIS

Under the common law, the failure to join the proper party before the running of the statute of limitations was fatal to the plaintiff’s claim. 
Fitzpatrick v. Pitcairn
, 371 Ill. 203 (1939); C. Drechsler, Annotation, 
Change in Party After Statute of Limitations Has Run
, 8 A.L.R.2d §§72, 76 (1942). Indeed, an amendment to join the proper party was regarded as the commencement of a new action or proceeding against the substituted defendant which does not relate back to the institution of the original action. See 8 A.L.R.2d §72.

For example, in 
Fitzpatrick
, the plaintiff filed a wrongful-death action against the Wabash Railway Company and served summons on the railway’s agent. 
Fitzpatrick
, 371 Ill. at 205. Unbeknownst to the plaintiff, the railway was in receivership at the time of the accident, and the railway’s agent was also the agent of the receivers. 
Fitzpatrick
, 371 Ill. at 205. By the time the plaintiff discovered his mistake, the one-year limitations period for bringing a wrongful-death action had run. 
Fitzpatrick
, 371 Ill. at 205. Nevertheless, the plaintiff joined the receivers as defendants and served them with process. 
Fitzpatrick
, 371 Ill. at 205. The receivers moved to dismiss on the ground that the limitations period had expired, and the trial court granted the motion. 
Fitzpatrick
, 371 Ill. at 205. On appeal, this court held that the plaintiff’s claim against the receivers was barred, despite the fact that the agent served was the agent of both the receivers and the railway. 
Fitzpatrick
, 371 Ill. at 205, 208. This court wrote that the “railway company was the party intended to be sued. There was no misnomer but a case of mistaken identity of the party liable.” 
Fitzpatrick
, 371 Ill. at 208.

In 1954, and in response to 
Fitzpatrick
, our legislature enacted section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 46(4)), now section 2–616(d) of the Code of Civil Procedure (735 ILCS 5/2–616(d) (West 2000)). See Ill. Ann. Stat., ch. 110, par. 46(4), Joint Committee Comments–1955, at 49 (Smith-Hurd 1956). Section 2–616(d) of the Code of Civil Procedure was designed to afford relief to the plaintiff who, after the limitations period has expired, realizes that he has named the wrong defendant. 735 ILCS 5/2–616(d) (West 2000). In such instances of mistaken identity, section 2–616(d) provides that a statute of limitations will not bar the action as long as the plaintiff can meet all five of the statutory requirements. Section 2–616(d) provides:

“A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, *** even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.” 735 ILCS 5/2–616(d) (West 2000).

Read as a whole, section 2–616(d) requires that, in order for the amended complaint to relate back to the original complaint, the plaintiff must show that all five requirements have been met. See 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990) (stating that a statute should be read as a whole, and so that no word or phrase is rendered superfluous or meaningless). In essence, the relation- back provision of section 2–616(d) is an exception to the requirement that plaintiffs comply with the applicable statutes of limitation. These limitations exist to ensure repose and that claims be advanced while the evidence to rebut them is still fresh. 
Sundance Homes, Inc. v. County of Du Page
, 195 Ill. 2d 257, 265-66 (2001); 
Roth v. Northern Assurance Co.
, 32 Ill. 2d 40, 46 (1964). In order to preserve the rights of the defendant and to avoid doing violence to the purposes of statutes of limitation, the legislature decided to permit an amended complaint only when “all the *** terms and conditions [of section 2–616(d)] are met.” 735 ILCS 5/2–616(d) (West 2000).

Rule 2–616(d) requires, therefore, that 
at the time plaintiff seeks to amend his complaint
, the burden is on the plaintiff to demonstrate that: he has filed the complaint within the limitations period; his failure to name the proper defendant was inadvertent; the defendant had knowledge of the suit within the limitations period; the amendment is based on the same transaction or occurrence as the original complaint; 
and
 “service of summons 
was in fact had
 upon” the proper defendant, albeit in the wrong capacity. (Emphasis added.) 735 ILCS 5/2–616(d) (West 2000). Only “under those conditions” can an amendment adding a person as a defendant relate back to the filing date of the original pleading. 735 ILCS 5/2–616(d) (West 2000). With this in mind, we now turn to Morton’s attempt to amend his complaint.

The dispute in this case revolves around whether Morton meets the third prong of section 2–616(d), which requires proof that “service of summons was in fact had upon the person [or his] agent ***, even though he or she was served in the wrong capacity or as agent of another.” 735 ILCS 5/2–616(d)(3) (West 2000). Morton originally sued the wrong defendant, the Auxiliary, and served the nursing home director. Morton concedes, and we agree, that when Morton served the director as the agent of the Auxiliary, he did not serve an “agent” of Madison County. See 735 ILCS 5/2–211 (West 2000). Therefore, Morton’s service on the nursing home director did not meet the third requirement of section 2–616(d), namely, that Morton had to serve the County or its agent for his amended complaint to relate back. See 
Altevogt v. Brinkoetter
, 85 Ill. 2d 44, 51 (1981); 
Lau v. West Towns Bus Co.
, 16 Ill. 2d 442, 449 (1959).

Nonetheless, Morton contends that his 
second
 service, which occurred outside the statute of limitations, satisfies the third prong because that section does not require service within the limitations period. In support of this contention, Morton points out that the fourth prong of section 2–616(d), which requires that the defendant have knowledge of the pending action, specifically states that the defendant must obtain this knowledge 
within
 the limitations period. See 735 ILCS 5/2–616(d)(4) (West 2000) (requiring that “the person,
 within the time that the action might have been brought
 or the right asserted against him or her, knew that the original action was pending (emphasis added)”). By contrast, the third prong contains no such language regarding the limitations period. 735 ILCS 5/2–616(d)(3) (West 2000) (requiring that “service of summons was in fact had upon the person *** even though he or she was served in the wrong capacity”).

Morton’s reading of the statute, however, ignores the language of the entire provision. As we have discussed, section 2–616(d) read as a whole shows that service on the proper defendant must be accomplished 
before
 the protection of section 2–616(d) is sought, that is, before the plaintiff moves to amend his complaint. Here, Morton is attempting to satisfy section 2–616(d) 
with
 his amended complaint. He wants to meet the service prong with the service of the amended complaint on the County. Section 2–616(d), however, does not contemplate such a scenario.

In fact, as a practical matter, Morton’s pleadings show that, by the time he sought to amend his complaint (and no later), he had to have already served the County or its agent. In his motion to amend his complaint to add the County as a defendant, Morton averred that “service of summons was originally had upon the director of the nursing home, as the agent of Madison County.” Although Morton later conceded that his service on the director was improper, he still relied on that first service to persuade the court to grant his motion to amend. He did not rely on his second service (on the county clerk) to satisfy section 2–616(d). Nor could he. At the time, Morton was 
seeking leave
 to amend his complaint. Until such leave was obtained, Morton had nothing to serve upon the County. Morton recognized then that a plaintiff must make an initial showing that he meets all the requirements of section 2–616(d) 
before
 he can amend his complaint and serve the newly added defendant. It was not until the County objected to the court’s jurisdiction in its motion to dismiss that Morton changed his legal theory to rely on his second service. Thus, the very procedural posture of a section 2–616(d) amendment dictates that a plaintiff cannot rely on the service 
of the amended complaint
 to satisfy the service prong of section 2–616(d). Accordingly, we hold that Morton cannot rely on his second service to satisfy section 2–616(d).

In opposition to this result, Morton raises several arguments. First, Morton argues that the timing of service is not governed by the third prong of section 2–616(d), but more generally by Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)). Under Rule 103(b), if a plaintiff who timely files a claim fails to serve the defendant before the limitations period has expired, the court in its discretion may allow the plaintiff to serve the defendant if he demonstrates due diligence. 
Segal v. Sacco
, 136 Ill. 2d 282, 286 (1990). Presumably, Morton envisions the following scenario. As here, the plaintiff fails to serve the correct defendant within the limitations period. But, unlike the instant case, after the statute of limitations has run, the plaintiff serves summons pursuant to Rule 103(b) on the correct defendant, albeit in the wrong capacity. Thereafter, the plaintiff moves to amend his complaint to sue the correct defendant. Under Morton’s reading of the rule, whether service is proper in this scenario is a question to be decided not under section 2–616(d) but rather under Rule 103(b).

The problem with Morton’s argument is that it confuses the distinct purposes of Rule 103(b) and section 2–616(d). Rule 103(b) allows a diligent plaintiff to serve a defendant outside the limitations period where the complaint naming that defendant was filed within the limitations period. See 177 Ill. 2d R. 103(b); 
Segal
, 136 Ill. 2d at 286-87. In other words, Rule 103(b) applies only where the plaintiff has named the proper defendant within the limitations period. Section 2–616(d), by contrast, permits the naming of a defendant outside the limitations period, where the proper defendant was not named within the limitations period because of mistaken identity. Thus, Rule 103(b) and section 2–616(d) cure separate and wholly distinct pleading defects: Rule 103(b) provides a cure for late service on a timely named defendant, and section 2–616(d) provides a cure for the late naming of a timely served defendant. Rule 103(b), therefore, is unavailable to plaintiffs, like Morton, who fail to name the proper defendant within the statute of limitations.

Morton also argues that if we hold that service under section 2–616(d) must occur within the limitations period, we have placed the defendant, who is finally served after the limitations period and had knowledge of the suit all along (as the County did here), in a better position than the defendant who never heard of the suit, but was named the last day of the limitations period and served thereafter under Rule 103(b). Morton’s objection is misplaced. As we have discussed, section 2–616(d) exists to provide relief to a plaintiff in instances of mistaken identity, not mistaken service. If a defendant under section 2–616(d) is placed in a better or worse position than a defendant under Supreme Court Rule 103(b), then that is the judgment of the legislature. We will not here overturn that judgment, contrary to the language and purposes of the separate provisions.

In addition, Morton maintains that if the third prong requires service within the limitations period, then the defendant would always acquire knowledge of the suit within that period. He argues that this would render superfluous the fourth prong, which requires that the defendant have knowledge of the suit within the limitations period. See
 Kraft
, 138 Ill. 2d at 189. Morton’s argument is understandable, as the courts have often confused the two requirements. See, 
e.g.
, 
Thomson v. McDonald’s, Inc.
, 180 Ill. App. 3d 984, 987-88 (1989); 
Bates v. Wagon Wheel Country Club, Inc.
, 132 Ill. App. 2d 161, 166 (1971). Nevertheless, it fails as a practical matter. For example, when an individual who acts as an agent for several entities is served with summons, he may understandably notify only the defendant named in the summons and not the others for whom he also acts as agent. In that instance, the proper defendant might not learn of the action until after the limitations period has run. See A. Jenner, 
Pleading, Parties and Trial Practice
, 50 Nw. U. L. Rev. 612, 619-20 (1955). Morton’s assertion that service on the agent within the limitations period will always constitute knowledge by the proper defendant, thereby rending the fourth prong meaningless, is therefore incorrect.

Indeed, if we were to adopt Morton’s rendering, the third prong would be rendered meaningless; that is, if service could occur at any time, then it would not be included in section 2–616(d) in the first place. Morton posits that the service requirement exists merely to bring the defendant properly before the court. This argument, however, begs the question. The entire provision of section 2–616(d) exists to allow the court to exercise jurisdiction over a defendant where a plaintiff has failed to name the defendant within the limitations period. When that defendant objects to jurisdiction on the basis of service, the plaintiff cannot answer that service merely brings the defendant before the court. As we have discussed, Morton cannot rely on the service of the disputed amended complaint outside of the statute of limitations to claim that the County was properly served under section 2–616(d).

Finally, citing two of our opinions, 
Vaughn v. Speaker
, 126 Ill. 2d 150 (1988), and 
Moore v. Jewel Tea Co.
, 46 Ill. 2d 288 (1970), Morton argues that the primary and virtually sole objective of a court in allowing relation back of an amendment under section 2–616(d) is to ensure that the defendant had knowledge. In addition to the fact that such a rendering of section 2–616(d) would effectively dispose of the other four prongs, we observe that the cases on which Morton relies are inapposite. In both 
Vaughn
 and 
Moore
, our holdings pertained to the knowledge prong of section 2–616(d). 
Vaughn
, 126 Ill. 2d at 160; 
Moore
, 46 Ill. 2d at 293. In 
Vaughn
, we held that section 2–616(d) provided no relief to the plaintiffs where they failed to show that the defendant had knowledge of the action prior to the running of the limitations period. 
Vaughn
, 126 Ill. 2d at 160. In 
Moore
, we held that the defendant company could be deemed to have known of the action from the beginning, so that the statute of limitations was not a bar to the plaintiff’s action. 
Moore
, 46 Ill. 2d at 293. In neither case did we discuss the service prong of section 2–616(d). 
Vaughn
 and 
Moore
, therefore, are unhelpful to Morton here.

CONCLUSION

For the foregoing reasons, we hold that service under section 2–616(d)(3) must be accomplished within the statute of limitations. Because Morton served the County outside of the limitations period, his amended complaint adding the County as a new defendant does not relate back to his original complaint. We, therefore, affirm the judgment of the appellate court.

Appellate court judgment affirmed.