JOHN WILK, Plaintiff-Appellant, v. WILMORITE, INC., d/b/a Genesee Management, also d/b/a Charlestowne Mall, *et al.*, Defendants-Appellees.

Second District   No. 2—03—0531

Opinion filed June 30, 2004.—Rehearing denied July 29, 2004.

Hugh C. O'Donnell and Julie M. Vlaming, both of Sanchez & Daniels, of Chicago, for appellant.

Patrick M. Kinnally and Matthew J. Herman, both of Kinnally, Krentz, Loran, Hodge & Herman, P.C., of Aurora, for appellees.

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, John Wilk, was injured after he tripped over a rope in a public area of Charlestowne Mall. Plaintiff filed a complaint one day

before the two-year statute of limitations was to run on his personal injury claim (see 735 ILCS 5/13—202 (West 2000)). The complaint named only "Wilmorite Inc., d/b/a Genesee Management also d/b/a Charlestowne Mall," as defendant. Wilmorite moved to dismiss the complaint on the grounds that it did not own the mall on the date of the injury. Plaintiff obtained leave to amend the complaint and named "Charlestowne Mall, LLC., d/b/a Genesee Management, d/b/a Charlestowne Mall," as a second defendant. The trial court dismissed the amended complaint, concluding that it did not relate back to the original complaint. Plaintiff appeals, and we reverse the dismissal pursuant to section 2—616(d) of the Code of Civil Procedure (Code) (735 ILCS 5/2—616(d) (West 2000)). We remand the cause with directions.

## FACTS

On October 23, 2001, plaintiff filed a one-count complaint naming "Wilmorite Inc., d/b/a Genesee Management also d/b/a Charlestowne Mall," as defendant. The complaint alleged that Wilmorite negligently caused the personal injuries plaintiff suffered from tripping on a rope at the mall on October 24, 1999. Plaintiff alleged that Wilmorite, as owner of the mall, breached its duty to plaintiff by (1) permitting a "tripping hazard in the public space of the mall," (2) tying a rope at ankle level in the mall, (3) obstructing and obscuring the view of the rope, and (4) failing to warn the public of the hazard.

Joe Balcer, Wilmorite's registered agent, was served with the complaint at the mall on November 2, 2001, which was nine days after the limitations period expired. Patrick Kinnally of Murphy, Hupp & Kinnally filed an appearance on behalf of Wilmorite. On December 19, 2001, Wilmorite moved to dismiss the complaint, arguing that it was not the owner of the mall on the date of plaintiff's injury. Plaintiff's counsel was out of the country and did not appear for a case management hearing on January 17, 2002. The trial court continued the case several times and eventually ordered plaintiff to respond to the motion to dismiss by July 22, 2002.

The trial court granted Wilmorite's motion to dismiss on July 30, 2002. However, the court granted plaintiff leave to amend his complaint, and on August 12, 2002, plaintiff filed a first amended complaint naming "Charlestowne Mall, LLC., d/b/a Genesee Management, d/b/a Charlestowne Mall," as a second defendant. There is no proof of a second service in the record.

Kinnally, the attorney who had previously filed an appearance on behalf of Wilmorite, filed a second appearance on behalf of Charlestowne Mall, LLC. According to the two appearances filed by Kinnally,

Wilmorite and Charlestowne Mall, LLC, share the same address in New York. However, it is unclear from the record whether Balcer, who accepted service on behalf of Wilmorite, is also an agent of Charlestowne Mall, LLC.

On August 19, 2002, defendants moved to dismiss the amended complaint under sections 2—619(a)(5) and 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(5), (a)(9) (West 2002)), contending that it did not relate back to the original filing. Plaintiff has not provided this court with a transcript, certified bystander's report, or agreed statement of facts as a record of the hearing. On November 5, 2002, the trial court entered a brief written order dismissing the amended complaint with prejudice.

Plaintiff filed a motion to reconsider, but there is some question as to whether it was timely. The record contains a notice of filing which plaintiff dated December 5, 2002, but there is no evidence of a postmark. The clerk of the circuit court stamped the notice and motion as received on December 9, 2002. Following extensive briefing and argument, the trial court denied the motion to reconsider on April 9, 2003. Plaintiff filed a notice of appeal less than 30 days later on May 6, 2003.

## ANALYSIS

The trial court granted defendants' motion to dismiss under sections 2—619(a)(5) and 2—619(a)(9) of the Code. On appeal, plaintiff argues that the amended complaint relates back to the original complaint, and therefore, the trial court erroneously dismissed the cause of action. Defendants apparently question our appellate jurisdiction by responding that "there are no appealable issues before this court" because plaintiff's motion to reconsider was untimely.

Under Supreme Court Rule 303(a)(1), a notice of appeal must be filed within 30 days after the entry of the final judgment from which the appeal is taken or, if a timely posttrial motion directed at the judgment is filed, within 30 days after entry of the order disposing of the last pending posttrial motion. 134 Ill. 2d R. 303(a)(1). Under section 2—1203 of the Code, a posttrial motion must be filed within 30 days of a final judgment. 735 ILCS 5/2—1203 (West 2002). Otherwise, the trial court will lose jurisdiction to modify or vacate the final order that it entered after the lapse of 30 days. *Lajato v. AT&T, Inc.*, 283 Ill. App. 3d 126, 131 (1996). A motion to reconsider is a posttrial motion and therefore " 'falls within the purview of post-judgment motions which must be filed within 30 days after the challenged judgment is entered.' " *Lajato*, 283 Ill. App. 3d at 132, quoting *Sho-Deen, Inc. v. Michel*, 263 Ill. App. 3d 288, 290 (1994). The time for filing the notice

of appeal under Rule 303(a) will be extended only if a posttrial motion is timely filed under section 2—1203. *Lajato*, 283 Ill. App. 3d at 132.

In *A.S. Schulman Electric Co. v. Village of Fox Lake*, 115 Ill. App. 3d 746 (1983), this court held that the mailing of a posttrial motion on the twenty-ninth day after entry of the final order was timely even though the circuit court did not receive the motion until the thirty-first day after the entry of the final order. The timeliness of the filing was shown only by an affidavit in which the attorney attested that he mailed the motion on the twenty-ninth day. *Schulman*, 115 Ill. App. 3d at 748.

In *In re Marriage of Morse*, 143 Ill. App. 3d 849 (1986), the Appellate Court, Fifth District, relied upon *Schulman* when considering whether the deposit of a posttrial motion in the mail constituted filing of the motion pursuant to section 2—1203 of the Code. The respondent in *Morse* deposited his posttrial motion in the mail on the thirtieth day following the judgment as attested to by a proof of service stamp. However, the envelope was not postmarked until the thirty-first day and was not filed by the clerk of the court until the thirty-third day following the judgment. Acknowledging that a proof of service stamp is more easily tampered with than a postmark, the Fifth District emphasized that the trial court had found no reason to suspect that the respondent's attorney would postdate the proof of service. *Morse*, 143 Ill. App. 3d at 852. The Fifth District held that a proof of service date is sufficiently analogous to an affidavit attesting to the mailing date so as to render the posttrial motion timely under *Schulman*. *Morse*, 143 Ill. App. 3d at 852.

■ In this case, there is no evidence of a postmark date for the posttrial motion, and the circuit court clerk received the motion on the thirty-fourth day following the dismissal of the amended complaint. However, the notice of filing contains a certification that the motion was deposited in the mail on the thirtieth day. Defendants do not allege that plaintiff postdated the filing, and there is nothing in the record that suggests that he did. Therefore, in agreement with *Schulman* and *Morse*, we conclude that plaintiff timely filed his posttrial motion by depositing it in the mail within 30 days of the dismissal. The timely filing extended the time for filing the notice of appeal under Rule 303(a). See *Lajato*, 283 Ill. App. 3d at 132. Plaintiff's notice of appeal is timely because he filed it within 30 days of the denial of his posttrial motion.

■ Turning to the merits of the case, we next address whether the trial court correctly dismissed the amended complaint for failing to relate back to the original complaint. Under section 2—619(a)(5), a defendant is entitled to a dismissal if the "action was not commenced

within the time limited by law." 735 ILCS 5/2—619(a)(5) (West 2002).
A defendant is also entitled to a dismissal if "the claim asserted against
defendant is barred by other affirmative matter avoiding the legal ef-
fect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2002).
An appeal from a section 2—619 dismissal is similar to an appeal fol-
lowing a grant of summary judgment, and both are subject to *de novo*
review. *Carroll v. Paddock*, 199 Ill. 2d 16, 22 (2002). In both cases, the
reviewing court must determine whether the existence of a genuine is-
sue of material fact should have precluded the dismissal or, absent
such an issue of fact, whether the dismissal is proper as a matter of
law. *Carroll*, 199 Ill. 2d at 22.

Under the common law, the failure to join the proper party before
the running of the statute of limitations was fatal to the plaintiff's
claim. "Indeed, an amendment to join the proper party was regarded
as the commencement of a new action or proceeding against the
substituted defendant which does not relate back to the institution of
the original action." *Morton v. Madison County Nursing Home Auxil-
iary*, 198 Ill. 2d 183, 186 (2001).

■ Section 2—616(d) of the Code of Civil Procedure was designed
to afford relief to the plaintiff who, after the limitations period has
expired, realizes that he has named the wrong defendant. 735 ILCS
5/2—616(d) (West 2002). In such instances of mistaken identity, sec-
tion 2—616(d) provides that a statute of limitations will not bar the
action as long as the plaintiff can meet all of the statutory require-
ments. An amendment adding a person as a defendant can relate back
to the filing date of the original pleading only when all of the statu-
tory requirements are met. *Morton*, 198 Ill. 2d at 188-89. The version
of section 2—616(d) that applies to this case provides as follows:

> "A cause of action against a person not originally named a
> defendant is not barred by lapse of time under any statute or
> contract prescribing or limiting the time within which an action
> may be brought or right asserted, if all the following terms and
> conditions are met: (1) the time prescribed or limited had not
> expired when the original action was commenced; (2) failure to join
> the person as a defendant was inadvertent; *(3) service of summons
> was in fact had upon the person, his or her agent or partner, as the
> nature of the defendant made appropriate, even though he or she
> was served in the wrong capacity or as agent of another* ***; *(4) the
> person, within the time that the action might have been brought or
> the right asserted against him or her, knew that the original action
> was pending and that it grew out of a transaction or occurrence
> involving or concerning him or her*; and (5) it appears from the
> original and amended pleadings that the cause of action asserted in
> the amended pleading grew out of the same transaction or occur-

rence set up in the original pleading, *** even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.) 735 ILCS 5/2—616(d) (West 2002).

The fundamental rule of statutory interpretation is to give effect to the intention of the legislature. A court first looks to the words of the statute because the language of the statute is the best indication of the legislative intent. When the statutory language is clear, it must be given effect without resort to other tools of interpretation. In interpreting a statute, it is never proper for a court to depart from the plain language by reading into a statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent. *County of Knox ex rel. Masterson v. The Highlands, L.L.C.*, 188 Ill. 2d 546, 556 (1999).

In this case, the parties dispute whether plaintiff established subsections (3) and (4) of section 2—616(d). Defendants cite *Morton* in arguing that Charlestowne Mall, LLC, did not actually receive service of summons or know of the suit for purposes of sections 2—616(d)(3) and 2—616(d)(4), respectively. We disagree.

## 1. Service of Summons

In *Morton*, a man died when he either fell or jumped from a third-story window of a nursing home. The plaintiff, the administrator of the estate, mistakenly believed that the Madison County Nursing Home Auxiliary (Auxiliary) was the proper defendant. Before the applicable limitations period expired, the plaintiff served the Auxiliary's registered agent and filed a two-count complaint against the Auxiliary. The Auxiliary correctly responded that Madison County (the County) was the proper defendant. *Morton*, 198 Ill. 2d at 184. After the limitations period expired, the plaintiff obtained leave to amend the complaint under section 2—616(d) of the Code to add the County as a defendant. The plaintiff also served the county's registered agent, the county clerk, after the limitations period ran. *Morton*, 198 Ill. 2d at 184-85.

Like defendants in this case, the County moved to dismiss, arguing that the amendment did not relate back to the original complaint because the plaintiff failed to establish the third and fourth prongs of section 2—616(d). The County specifically contended that there was no actual service of process on the County under section 2—616(d)(3) because the Auxiliary's registered agent, whom the plaintiff served before the limitations period expired, was not also the County's agent for purposes of service. *Morton*, 198 Ill. 2d at 185. Acknowledging that

he did not serve the correct defendant until after the limitations period expired, the plaintiff argued that he diligently effected service under Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)).

Rule 103(b) provides that "[i]f the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run." 177 Ill. 2d R. 103(b). Rule 103(b) does not set forth a specific time in which a defendant must be served but, rather, simply requires a plaintiff to exercise reasonable diligence to provide service in a timely manner. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 948-49 (2001). The rule was adopted to achieve the historical and constitutional mandate that justice be fairly and promptly rendered. To promote the expeditious handling of lawsuits, a trial court enjoys broad discretion to dismiss a case when service is not effected diligently. Rule 103(b) further aims to protect defendants from unnecessary delay in the service of process so that they are afforded a fair opportunity to investigate. Thus, Rule 103(b) seeks to prevent circumventing a primary purpose of statutes of limitation by not allowing a plaintiff to timely file suit before the applicable limitation period expires and then intentionally take no action to serve the defendant until the plaintiff is ready to proceed with litigation. In moving for dismissal under Rule 103(b), the defendant is initially required to make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. No absolute time frame exists that will shift the burden and require the plaintiffs to offer an explanation for their actions. Consequently, the determination of whether the defendant has established a *prima facie* case based on lack of diligence must be made on a case-by-case basis. *Kole*, 325 Ill. App. 3d at 949.

In rejecting the plaintiff's argument, the supreme court emphasized that Rule 103(b) and section 2—616(d) apply to distinct pleading defects: Rule 103(b) applies to the late *service* on a timely named defendant, and section 2—616(d) applies to the late *naming* of a timely served defendant. *Morton*, 198 Ill. 2d at 191-92. The court held that "section 2—616(d) read as a whole shows that service on the proper defendant must be accomplished *before* the protection of section 2—616(d) is sought, that is, before the plaintiff moves to amend his complaint." (Emphasis in original.) *Morton*, 198 Ill. 2d at 190. Therefore, the procedural posture of section 2—616(d) did not permit the plaintiff to use the amendment, itself, to serve the proper defendant, thereby fulfilling subsection 2—616(d)(3). *Morton*, 198 Ill. 2d at 190.

This case presents a slightly different service of process issue than

the one decided in *Morton*. In *Morton*, the amended complaint did not relate back to the original filing under section 2—616(d) because the Auxilliary's agent, who was timely served, was not also an agent of the County for purposes of service of process. Like in *Morton*, plaintiff failed to name the correct defendant or serve that defendant's agent before the limitations period expired. However, unlike in *Morton*, plaintiff did not attempt to serve the correct defendant with the amended complaint, itself. Instead, plaintiff argues that his original service of Balcer satisfies section 2—616(d)(3) of the Code. Defendants concede that plaintiff diligently served Balcer under Rule 103(b), but only for purposes of the original complaint against Wilmorite.

■ In this case, the parties agree that the late service on Balcer, Wilmorite's agent, was diligent under Rule 103(b). Defendants offer no persuasive argument as to why the service on Balcer can be considered diligent as to Wilmorite but not as to Charlestowne Mall, LLC. Furthermore, public policy favors allowing the amended complaint to relate back in this case. See *Siebert v. Bleichman*, 306 Ill. App. 3d 841, 846 (1999) ("courts liberally construe section 2—616(d) so that cases are decided on their merits rather than on procedural technicalities"). Moreover, "[w]hen several corporations have agents who manage a business so that the public is under the impression that they are all one and the same, the corporations *** should not benefit from the confusion that emanates from their corporate complexities." *Siebert*, 306 Ill. App. 3d at 845. Therefore, we conclude that, if Balcer was an agent of Charlestowne Mall, LLC, his actual service before plaintiff's invocation of section 2—616(d) satisfies the service requirement of section 2—616(d)(3) of the Code. Because our analysis turns on Balcer's agency status, we remand the cause for the trial court to determine whether Balcer is an agent of Charlestowne Mall, LLC, for purposes of service of process.

Defendants cite the very broad holding set forth in the brief conclusion in *Morton*: "service under section 2—616(d)(3) must be accomplished within the statute of limitations. Because [the plaintiff] served the County outside of the limitations period, his amended complaint adding the County as a new defendant does not relate back to his original complaint." *Morton*, 198 Ill. 2d at 194. In *Morton*, the plaintiff's attempt to fulfill section 2—616(d)(3) by serving the correct defendant with the amended complaint was found to be not diligent under Rule 103(b). This case is distinguishable because plaintiff's service of Balcer was diligent under Rule 103(b). We agree with plaintiff that, if Wilmorite and Charlestowne Mall, LLC, shared the same agent on the date Wilmorite was served, this diligent service fulfills the requirement of section 2—616(d)(3).

## 2. Charlestowne Mall, LLC's Knowledge of the Original Action

Defendants do not dispute that Charlestowne Mall learned that the original action was pending and that it grew out of a transaction or occurrence concerning the mall. However, they argue that the amended complaint does not relate back because Charlestowne Mall, LLC, did not acquire this knowledge before the limitations period expired. Contrary to defendants' assertion, the plain language of section 2—616(d)(4) does not require that the correct defendant learn of the suit before the statute of limitations expires. Instead, section 2—616(d)(4) identifies the relevant period as "the time that the action might have been brought." 735 ILCS 5/2—616(d)(4) (West 2000).

Plaintiff served Balcer with the original complaint against "Wilmorite Inc., d/b/a Genesee Management also d/b/a Charlestowne Mall," nine days after the limitations period expired. Defendants concede that plaintiff effected service of Wilmorite diligently under Rule 103(b). This diligent service was therefore within "the time that the action might have been brought." 735 ILCS 5/2—616(d)(4) (West 2000). Therefore, we conclude that plaintiff satisfied the requirement of section 2—616(d)(4) if he can establish on remand that Balcer is the agent of Charlestowne Mall, LLC.

## CONCLUSION

On remand, we direct the trial court to determine whether Balcer was the agent of Charlestowne Mall, LLC, on November 2, 2001, for purposes of service of process. Upon answering this factual question, the court should conduct further proceedings consistent with this opinion.

We note that the legislature amended section 2—616(d) by substituting subsections (2) through (4) with the following single condition: "(2) the person, within the time that the action might have been brought or the right asserted against him or her *plus the time for service permitted under Supreme Court Rule 103(b)*, received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her." (Emphasis added.) 735 ILCS 5/2—616(d)(2) (West 2002). The amendment does not apply to this case because the original complaint was not filed (1) after January 1, 2002, or (2) before January 1, 2002, where the limitation period had not yet expired before that date. See 735 ILCS 5/2—616(f) (West 2002).

For the preceding reasons, the judgment of the circuit court of Kane County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.