Owen B. Tuller, Plaintiff in Error, *v.* Casper Voght, Defendant in Error.

ERROR TO JERSEY.

At common law, a master is not liable for the wilful trespasses of his servant, which are not committed in furtherance of the business of the master.

By the sixth section of the ninety-third chapter of the Revised Statutes, the owner of a carriage for the conveyance of passengers running on a public highway, is liable in action of trespass for injuries occasioned by the wilful misconduct of the driver. In such an action, the declaration should aver that the carriage was for the conveyance of passengers.

This was an action of trespass, commenced by Voght in the Greene Circuit Court, and taken, by change of venue, at the instance of Tuller, to Jersey county. The suit was commenced against Tuller, one Alvord, and three others. Tuller and Alvord were the only defendants who were served with process. They appeared, and pleaded the general issue. At the October term, 1851, of the Jersey Circuit Court, O. C. Skinner, Judge, presiding, the cause was submitted to a jury, who found the defendant Tuller guilty, and assessed the plaintiff's damage at $1,000, and the defendant Alvord, not guilty.

The defendant Tuller then moved for a new trial, on the ground that the verdict was against law and evidence, and was excessive.

This motion was overruled. Tuller then moved in arrest of judgment. Because the declaration is insufficient to authorize the entering of a judgment thereon ; and because the action in this case ought to have been trespass on the case, and not trespass. This motion was also overruled, and judgment was rendered upon the verdict. Tuller excepted to the decision of the court, and tendered a bill of exceptions embodying the evidence, and prosecutes a writ of error. The errors assigned are the overruling of the motions for a new trial and in arrest of judgment, and in rendering judgment for the plaintiff.

The declaration avers, that the defendants on, &c., at, &c., were the owners of a certain coach or carriage and horses, to wit, four horses, drawing the same; and that a certain coachman or servant of the defendants, then had the management, care, and direction of the same, &c.; and that said servant and coachman of the defendants, on, &c., at, &c., while in the employment of the said defendants, as a driver, &c., with force and arms, drove the same along the highway, with great force and violence, against a certain horse on which said plaintiff was riding in the said highway, by means whereof the plaintiff was thrown with great force and violence off the said horse upon the ground; by means of the premises the leg of the said plaintiff was broken, &c.; concluding, contrary to the form of the statute.

J. M. PALMER, for plaintiff in error.

The act was wilful and intentional on the part of the driver, and the defendant is therefore not liable. 1 East, 106; 17 Mass. 509; 1 Chitty's Pleadings, 93; 4 Cond. Rep. 666, 671; 8 Durnford & East, 534; 19 Wend. 343; 1 Smith's Leading Cases, 310; 9 Wend. 268; 4 B. & A. 490; 1 Stanton, 568.

The court erred in overruling the motion in arrest of judgment. The action of trespass cannot be maintained. Wright v. Wilcox, 19 Wend. 343; 1 Chitty's Pleadings, 127, 131, 180, 181;

17 Mass. 244; Id. 479; 11 Mass. 57; 4 Wharton, 143; 1 Smith's Leading Cases, 413.

The owner of a carriage is only liable for the negligence or unskilfulness of his servant, and there must be a sufficient allegation. See authorities cited under first point.

The defendant is not liable under § 6, chap. 93, R. L. 481; Rev. Stats. N. Y. vol. 1, 695, 696, § 6; because there is no such allegation as will bring the case within that statute.

Not alleged that they were the owners of a carriage for the transportation of passengers. As to the necessity for such an allegation, 1 Chitty's Pleading, 290, 291; Id. 416, 417, 418, 423; Id. 383, 384, 385; 12 East, 89, 94; 2 Mass. 444; 4 Pick. 341, 349; 1 Pick. 177; 17 J. Rep. 349, see particularly page 455, 458, overruling the decision of the Supreme Court in same case, in 15 J. R. 250, and also overruling Ouffie *v.* Hays, 13 J. R. 327, and Bowen *v.* Morehouse, 1 J. R. 276; Gould's Pleadings, 503, §§ 22, 23, 24; 1 Day, 186; note, 2d Greenleaf, 230.

The declaration is not aided by the 7th section of Road Law, as it has no application. The express mention of one thing implies the exclusion of another. Co. Litt. 210. A Statute must be so construed as to give effect to every part. Broom's Legal Maxims, 515, 516.

Penal statutes are to be construed strictly. The rule is not confined to penal statutes *eo nomine*, but extends to those that are penal in their consequences. The defect is not cured by verdict. See Whitcraft *v.* Vanderver, 12 Ill. 235; and the reasoning upon which that decision proceeds, that the fact stated in the declaration may be true, and still the defendant not be liable, which is understood to express the true rule; and see 5 Monr. 272; 5 B. &. A. 27; 9 Dana, 145. Not cured by an agreed case, 2 Greenleaf, 230. As to the rule upon the subject, 1 Day, 186, note.

J. GILLESPIE, on same side.

*First.* New trial should have been granted: 1st, because there is no proof that Tuller had any interest in the coach; 2d, there is no proof that the coach was owned by defendants; 3d,

there is no proof that the driver was in the employ of defendants.

*Second.* Judgment should have been arrested : 1st, Because the declaration omits to allege that the defendants were the owners of a carriage for the conveyance of passengers. See § 6, Road Law; Rev. Stats. 1845, 481 ; Chitty's Pleadings, 382; Drowne *v.* Stimpson, 2 Mass. 444 ; Soper *v.* Harvard College, 1 Pickering, 177, 179 ; Williams *v.* Hingham, &c. 4 Pick. 344, 345 ; Bartlett *v.* Crozier, 17 J. R. 455, 456 ; Little *v.* Thompson, 2 Greenleaf, R. 230. 2d, Because the declaration omits to allege that the act was done wilfully. The allegation, that the act was done with great force and violence, is not equivalent, as it might have been done with great force and violence, and yet not have been done either wilfully or even negligently or unskilfully, as, for instance, when horses were running away and come against the plaintiff; and the plaintiff must be strictly confined to the statutes, in laying his case in his declaration. Stafford *v.* Ingersoll, 3 Hill, 41 ; Renwick *v.* Morris, 7 Hill, 576 ; Boin *v.* Wilson, 1 J. J. Marshall, 203, 204 ; Doggett *v.* State, 4 Cow. 63; Leonard *v.* Bosworth, 4 Cow. 423.

The omission is not cured by verdict. Smith *v.* Moore, 6 Greenleaf, 274; Wright *v.* Wilcox, 19 Wend. 344 ; Gould's Pleadings, 502, §§ 20, 21, 22, 23, 24; 4 Pickering, 341.

Master was not responsible at common law for the wilful act of his servant, not done in the immediate presence or by command of the master. 1 East, 105 ; 5 Munford, 483 ; 5 Gilman, 430; 2 H. Blackstone, 442.

Statutes in derogation of the common law must be construed strictly. 1 J. J. Marshall, 203 ; 2 Mass. 443 ; 4 Pick. 341.

R. S. BLACKWELL, for defendant in error.

The action of trespass upon the case is founded on the statute of Westminister, 2, c. 24. 1 Com. Dig. 235.

The distinction which runs throughout the earlier authorities, between trespass and trespass upon the case, invariably, and without a single exception is, that the former is a general, and the latter a special writ. 1 Com. Dig. 235.

They are both actions upon the case, in the primitive meaning of the term, because in both the plaintiff's case is set forth; but in the latter it is specially stated, in the former it is generally alleged. 1 Com. Dig. 235.

The distinctive features between trespass and trespass upon the case, according to the ancient common law were,

*First.* A declaration in the former, commences with a positive allegation, "*for that*," the latter with a *quod cum* or recital "*for that whereas*." 1 Com. Dig. 235.

In answer to this, Mr. Day says: " It strikes me that the words, "*for that; whereas*," comprise two distinct parts of a sentence after the manner they are now punctuated; the word "*whereas*" introducing the recitals; the words "*for that*" having a prospective to the point of the action; and, indeed, by this mode of construction alone is the sentence, I think, made intelligible." 1 Com. Dig. 236, 237.

And the courts hold that the insertion of these words in a declaration in trespass, cannot be reached even by a special demurrer. Coffin *v.* Coffin, 2 Mass. R. 361.

*Second.* The writ was special in both cases, but the cause of action was specially stated in case, generally in trespass. Hence the common appellation of the former, " special action of trespass upon the case." 1 Com. Dig. 235.

Under our laws the writ is still more general than at common law; and the facts are neither set forth generally nor specially. It merely commands the sheriff to summon the defendants to appear at a particular time and place, to answer a particular form of action; and one declaration is used for the purpose of informing the party of the cause of action he is called upon to answer. Rev. St. 413, § 1.

*Third.* The declaration in trespass alleged the act complained of to be "*vi et armis et contra pacem.*" Originally a trespass involved a breach of the peace, and in an action for the injury, besides damages to the injured party, a judgment of *capiatur* was entered, upon which the defendant was taken, a fine was imposed, and he was imprisoned till he paid both the fine and damages. 1 Com. Dig. 237 ; 5 Cow. R. 344.

Under our statute the omission of the words " with force and

arms, and against the peace," is not even cause for a special demurrer. Rev. St. 51, sec. 10.

And according to our system of jurisprudence there is no fine to the people, when a trespass involves a breach of the peace.

*Fourth.* In trespass *vi et armis*, a *capias ad respondendum* issued to seize the person of the defendant, and he was compelled to give bail for his appearance. 1 Com. Dig. 237.

Under our statute such a writ may be issued, and the defendant held to bail in all actions sounding in tort. Rev. St. 81, § 2.

*Fifth.* After judgment a capias *pro fine* was awarded, and the defendant imprisoned until he paid the fine; nor could he be discharged from confinement until he paid the damages also. 1 Com. Dig. 237.

We have seen that under our laws no fine can be imposed. And our statute authorizes a *capias ad satisfaciendum* after judgment in all actions of tort. Rev. St. 301, § 6.

It will be perceived that it became a matter of infinite moment to the defendant, whether the words " with force and arms and against the peace " were inserted in the writ or omitted; and he would take especial care to object to their addition, in every case where such addition was unauthorized by law. 1 Com. Dig. 237.

This pertinacity on the part of defendant to avoid the fine, attendant upon a recovery in trespass, has forced the courts into the technical distinctions between trespass and trespass on the case. We have seen that writs of trespass were universally general. 1 Com. Dig. 238. And that writs of trespass on the case were special. 1 Com. Dig. 238. General writs of trespass were for forcible injuries, and therefore contained the words " *vi et armis et contra pacem.*" 1 Com. Dig. 238. Whereas writs of trespass on the case were sued out to redress wrongs, with or without violence, as the case happened to be. 1 Com. Dig. 238. Hence arises a threefold distribution of writs of trespass, viz.: *First.* General writs of trespass *vi et armis*; *Second.* Special writs of trespass *vi et armis*; *Third.* Special writs of trespass without force. 1 Com. Dig. 238.

And in all actions where the plaintiff in detailing the parti-

culars of his grievance, showed that the defendant had broken the peace, whether his writ was trespass or trespass on the case, the words "*vi et armis et contra pacem*" were by virtue of the old common-law rule, inserted in the writ. 1 Com. Dig. 238.

And this whether the injury complained of was an immediate, or a remote consequence of the act in breach of the peace. 1 Com. Dig. 238.

The modern doctrine arranges writs of trespass under two heads only, trespass and trespass on the case. It preserves the old distinction between general and special writs; but requires the appropriation of the former to the redress of forcible injuries alone, and the latter to injuries without force. 1 Com. Dig. 241.

" Whether the act complained of was accompanied with force; whether it was done wilfully; whether by the defendant himself, or through the agency of another; whether act done was law; these have all been attempted as the criterion by which to determine the form of the action, but have all been abandoned." 5 Cow. R. 345, per Savage, C. J.

There is one rule, which has seldom, if ever, been departed from; that where the injurious act is the immediate result of the force originally applied by the defendant, and the plaintiff be injured by it, trespass *vi et armis* is the appropriate remedy; and it makes no difference whether the force was applied wilfully, accidently, or negligently.

Where the defendant in a dark night, being on the wrong side of the highway, accidently drove his carriage against another's, whereby the latter was injured; trespass was held the proper remedy. Zeame *v.* Bray, 3 East, R. 593.

Where a belligerent cruiser chased a neutral vessel, supposing her to be an enemy, and coming up with her ran into and sunk her, and the disaster was the result of gross negligence; trespass was held proper. Percival *v.* Hickey, 18 Johns. 257.

So where defendant's servant wilfully drove against the plaintiff's carriage, whereby it was damaged. Sevignac *v.* Roome, 6 T. R. 125.

So for a collision of carriages occasioned by the " furious, negligent, and improper driving of the defendant." Day *v.* Edwards, 5 T. R. 648.

Trespass lies for an injury happening to a steamboat by a negligent collison. Case *v.* Mark, 1, 4 Ohio, 305.

Where the injury is immediate, but is occasioned by negligence, the plaintiff has an election to sue in case or trespass. Wilson *v.* Smith, 10 Wend. R. 325; Blin *v.* Campbell, 14 Johns. 432; M'Allister *v.* Hammond, 6 Cow. R. 342.

Is the defendant liable for the wilful trespass of his servant? The statute expressly provides that the master shall be liable for the acts of his servant in the same manner as the servant would be liable. Rev. St. 481, § 6.

As to the form of action. Where a statute confers a new right or creates a new liability and prescribes a particular remedy, that remedy must be pursued. 1 Chitty, Pl. 143. If a new remedy is prescribed to enforce a common-law right or redress a grievance which gave a cause of action at common-law; the plaintiff has a right to proceed under the statute, or pursue his common-law remedy. Where the statute creates the liability, but gives no remedy, the party has a right to adopt such a form of action, as the common-law would consider appropriate. In this case trespass would lie at common-law against the driver. And it would seem appropriate by analogy to adopt the same form against the master. Debt will not lie, because the cause of action is not a sum certain, or capable of being reduced to certainty by computation. Assumpsit will not lie because there is no contract, express or implied. Case will not lie, because the injury was immediate and the result of wilful force.

Again, this declaration may be treated as in case; the title given it in the commencement and the use of the words "*vi et armis*" does not make it an action of trespass. The form of the action is to be determined by the matter set forth in the declaration. Cornes *v.* Harris, 1 Coms. R. 223; Seneca R. C. *v.* Auburn, &c. R. R. Co. 5 Hill, 176, 177.

This declaration is properly framed upon the statute. Reed *v.* Northfield, 13 Pick. 99; Lee *v.* Clark, 2 East, 333.

A verdict in tort will not be set aside because the damages are excessive, unless outrageously so. Schlencher *v.* Risley, 3 Scam. 483; 2 Wils. R. 160, 205, 244, 405; Cowp. R. 230; 4 T.

R. 651; 8 Johns. 369; 5 Cow. 106, 351; 8 Cowen, 214; 1
Marsh. 431; 1 Bibb, 248; 2 Id. 591; 9 Johns. 45; 2 Id. 63;
4 Mass. 1; 2 Wend. 352.

CATON, J.    We look upon the rule of the common law as
well settled, that the master is not liable for the wilful tres-
passes of the servant, which are not committed in furtherance
of the business of the master.    McMorris *v.* Crickett, 1 East,
106.    This principle has already been adopted by this court,
in the case of Johnson *v.* Barber, 5 Gilman, 425.    That action
was against the master and servant jointly, and the court said,
" If one of the defendants, while engaged in the prosecution of
the business of the other, carelessly or negligently set fire to the
prairie, or even purposely, with a view to benefit or protect the
interests of the employer, the latter would be liable for the con-
sequences; but if he set out the fire from motives of malice or
wantonness, the principal would not be liable, for that would
be an abandonment of the business of the agency."    Here, the
declaration professes to count in trespass; and avers, that the
defendant's servant, " with force and arms, drove the same [the
carriage] along the highway, with great force and violence,
against," &c.    The pleader has succeeded in making what he
intended, a declaration in trespass, and not case.    2 Chitty's
Plead. 850.    For that act, the master, as we have seen, is not
liable at the common law.    The effect of our statute will be
subsequently considered.    Unless the master expressly com-
manded the servant to commit the trespass, the servant alone is
liable in this form of action.    The owner of the coach is un-
doubtedly responsible for injuries resulting from the negligence,
carelessness, or unskilfulness of the driver; but then he is only
liable in a special action on the case.    2 Chitty's Plead. 708,
and note.    In case the declaration in general avers, that the
injury resulted from the carelessness or unskilfulness of the
agent.

The plaintiff, however, insisted, that he was entitled to main-
tain this action under the ninety-third chapter of the Revised
Statutes.    The sixth section of that chapter is this: " The
owners of any carriage, running upon any turnpike-road or pub-

lic highway, for the conveyance of passengers, shall be liable, jointly and severally, to the party injured, in all cases, for all injuries and damages done by any person in the employment of such owners, as a driver, while driving such carriage, to any person, or to the property of any person; and that, whenever the act occasioning such injury or damage shall be wilful, negligent, or otherwise, in the same manner as such driver would be liable. Any driver of any mail stage-coach, or other vehicle for the conveyance of passengers, wilfully offending against the provisions of this chapter, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be imprisoned not exceeding six months, or fined not exceeding three hundred dollars." That this statute makes the owner of such carriage liable in an action of trespass, for the wilful misconduct of the driver, there can be no doubt. The extent of the liability, and the form of the action, is the same against the owner as it is against the driver. But, when the owner is sought to be made liable under this statute, the declaration must show affirmatively such a case as the statute describes. This the declaration before us fails to do. It does not show that the carriage or vehicle was "for the conveyance of passengers." For aught that appears, it may have been only for the transportation of goods, or for the private use of the owner, without reference to the accommodation of the travelling public. For this reason, the declaration is fatally defective under the statute. The judgment must be reversed, and the cause remanded, with leave to the plaintiff to amend his declaration. *Judgment reversed.*