ROBERT MOIR, impleaded, etc., Plaintiff in Error, *v.* MANASSAH HOPKINS, Defendant in Error.

### ERROR TO HENDERSON.

All who aid, command, advise or countenance the commission of tort, by another, or who approve of it after it is done, if done for their benefit, are liable in damages.

If a tort is committed by an agent, in the course of his employment, while acting for his principal, without a willful departure from his business, the principal, though ignorant of the act, is liable.

Where an agent was directed to get a pair of horses, his principal expecting he would do so with the owner's permission, but the agent misunderstanding the instruction, took the horses without leave, and in using them, killed one, the principal was held liable for the value of the horse.

THIS cause was heard before WEAD, Judge, and a jury, at April term, 1855, of Henderson Circuit Court. The opinion of the court, gives a statement of the case.

STEWART and GOUDY, for Plaintiff in Error.

C. M. HARRIS, for Defendant in Error.

SKINNER, J. Trespass by Manassah Hopkins against William, James and Robert Moir, for killing Hopkins' horse. The defendants pleaded *not guilty.* Upon the trial, the plaintiff proved by William Hopkins, his brother, that plaintiff had worked for defendants with his team; that while he was at work he was taken sick, and went home, leaving his team with witness; that at night, witness took the team home where plaintiff boarded, and kept his team; that he put the team up and fed it, as directed by plaintiff; that the next day, plaintiff being still sick, witness worked for defendants; that on said day, defendants wanted a team to haul lumber in their mill-yard; that early in the morning, defendant, Robert Moir, directed witness to go and see if he could not hire a team to do the hauling; that witness accordingly endeavored to hire a team among the neighbors, but could not obtain one; that when defendant, Robert Moir, found that witness had been unsuccessful in hiring a team, he directed witness to go and get plaintiff's team; that witness then went and got plaintiff's team out of the stable, without plaintiff's knowledge or consent, and took it to the yard and used it for defendants, hauling lumber during that forenoon; that in the afternoon, defendants wanted some bricks hauled from the country, a distance of eight miles, and that defendant, James Moir, directed witness to go and haul the bricks; that witness started with plaintiff's team, got the bricks, and in returning, drove partly down a steep hill on the road; that as he got part way down, one of the horses was forced over the bank, fell and was killed; that the horse was of the value of $115; that witness was a married man; that the plaintiff was his brother, was an unmarried man, lived with witness, and kept his team at the stable of witness; that for some time previous to the time plaintiff was taken sick, plaintiff had been in the employ of defendants, with his team, hauling lumber for defendants; that plaintiff, on being taken sick, went to witness' house, and was there the next day, when witness took the team; that plaintiff was sick and confined for some time after the horse was killed.

The jury found the defendant, Robert Moir, *guilty,* assessed the plaintiff's damages at $115, and found the other defendants

*not guilty.* Motion for new trial overruled, and judgment on the verdict.

The plaintiff in error, Robert Moir, assigns for error, the giving of the first and second instructions asked for by the plaintiff below, and the refusal of a new trial. These instructions are as follows:

First. If the defendants, or either of them, directed the witness to go and get the plaintiff's horses, and he did go and get them, in pursuance of such directions, without the assent, express or implied, of the plaintiff, the person giving such instruction is a trespasser.

Second. If a person injures personal property belonging to another, of which he has obtained possession by a trespass, he is liable to pay for such injury.

The first instruction construed with reference to the facts before the jury, and in the sense evidently intended by the court, and understood by the jury, is clearly good law. The plaintiff below, Hopkins, had, with his team, been in the employ of the Moirs; had left on account of being sick; was then confined, and his team was idle. The Moirs had sent their agent among their neighbors to *hire* a team, and he had returned unsuccessful. Robert Moir then directed the same agent to "go and get" Hopkins' team. He did so. The instruction is based on the hypothesis of a command by the Moirs to their agent, to go and take Hopkins' team, and the evidence warranted the hypothesis. If, then, Robert Moir directed his agent to go and take Hopkins' team, and the agent did so, there can be no question of his liability for any injury done to Hopkins' property thereby.

The rule of law is, that all who aid, command, advise or countenance the commission of a *tort* by another, or who approve of it after it is done, if done for their benefit, are liable in the same manner as they would be if they had done the same *tort* with their own hands. *Judson* v. *Cook,* 11 Barbour's R. 642; 1 Chitty's Pl. 208; Story on Agency, Sec. 455.

The general rule is, that the principal is liable for the *torts* of his agent, done in the course of his employment, although the principal did not authorize, or justify, or participate in, or even if he disapproved of them. If the *tort* is committed by the agent in the course of his employment, while pursuing the business of his principal, and is not a willful departure from such employment and business, the principal is liable, although done without his knowledge. Story on Agency, Sec. 452; *Fuller* v. *Voght,* 13 Ill. 285; *Johnson* v. *Barber,* 5 Gil. 425, and cases there cited; *May* v. *Bliss et al.,* 22 Vt. R. 477.

And it would seem, that although Moir intended that his

agent should get the owner's consent before taking his team, and the agent misunderstanding the instructions given, took it without the owner's consent, he would still be liable. 22 Vt. R. 478.

The second instruction is certainly the law, and the evidence sufficient to sustain the verdict.

*Judgment affirmed.*