The Toledo, Wabash and Western Railway Co.

*v.*

Mary Durkin, Admx. etc.

76   395
24a 330
76   395
76a 597
76   395
e209 ²631

1.   Master and servant—*respondeat. superior—negligence of fellow-servant.*    It has been uniformly held by this court, as by the English courts, that the doctrine of *respondeat superior* does not extend to the case of an injury received by one servant through the carelessness or negligence of another, while both are engaged in the business of the principal, if the latter has taken proper care to engage competent servants to perform the duties assigned them.

2.   Negligence—*servant of railroad corporation assumes the risks incident to his employment.*    When a person enters into the service of a railroad company, he thereby undertakes to run all the ordinary risks incident to the employment, including his own negligence or unskillfulness and that of his fellow-servants engaged in the same line of duty, or incident thereto, provided such other servants are competent to discharge the duties assigned them.

3.   Same—*ringing bell, etc.*    Where the omission to ring a bell or sound a whistle at a road crossing appears not to have contributed in the slightest

degree to an injury or accident on a train of cars, the railroad company operating the same will not be subjected to liability in a civil suit for damages in consequence of such omission.

4. Practice in Supreme Court—*remanding.* Where a judgment was reversed, and it appeared, from the agreed statement of facts, that no recovery could be had, the cause was not remanded, but the costs, both in this and the court below, were ordered to be taxed against the appellee, who'was also the plaintiff below.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

This was an action on the case, by Mary Durkin, administratrix of the estate of Lawrence Durkin, deceased, against the Toledo, Wabash and Western Railway Company, to recover compensation for wrongfully and negligently causing the death of said Lawrence Durkin. The deceased was engaged as an employee of the defendant at the time he was killed. He was returning to his home at the time on a platform car, with other hands, and the train, while backing, struck some cattle on the track near a road crossing, whereby the car on which the deceased was sitting was thrown from the track and he was killed. The cause was tried by the court below, without a jury, on an agreed statement of facts. The court found for the plaintiff, and rendered judgment for $3000 in favor of the plaintiff, and the defendant appealed.

Mr. G. B. Burnett, for the appellant.

Mr. Charles Conlon, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Madison county, rendered on an agreed state of facts, presenting the single question, so often and so uniformly adjudicated by this court, and by other courts in England and in this country, arising out of the doctrine of *respondeat superior.*

So far back as the case of *Honner* v. *The Illinois Central Railroad Co.* 15 Ill. 550, decided in 1854, this court said this doctrine

did not extend to the case of an injury received by one servant through the carelessness of another, when both are engaged in the business of the principal.

This case was followed by *Illinois Central Railroad Company* v. *Cox*, 21 ib. 20, with a slight qualification, the court holding that a railroad company or other corporation are not responsible for injuries to their servants or agents occasioned by the carelessness or negligence or unskilfulness of fellow-servants while acting in the same service, without their knowledge or sanction, provided such company or corporation have taken proper care to engage competent servants to perform the duty assigned them. It was further held, when a person enters into the service of a railroad company he thereby undertakes to run all the ordinary risks incident to the employment, including his own negligence or unskilfulness, and this includes the risk of occasional negligence or unskilfulness of his fellow-servants engaged in the same line of duty, or incident thereto, provided such fellow-servants are competent and skilful to discharge the duty assigned them.

Reference was made to *Honner* v. *Ill. Cent. R. R. Co. supra*, and numerous English and American cases, all holding the same doctrine, among which were *Hutchinson, Admx.* v. *The York, New Castle and Berwick Railway Co.* 5 Exch. 341; *Wymore, Admx.* v. *Jay*, ib. 353; *Skip* v. *Eastern Counties Railway Co.* 24 Eng. L. and E. 396; *Wiggott* v. *Fox*, 36 ib. 486; *Farwell* v. *Boston and Worcester R. R. Co.* 4 Metc. 49; *Murray* v. *S. Carolina R. R. Co.* 1 McMullen, 385; *Brown* v. *Maxwell*, 6 Hill (N. Y.) 592; *Ryan* v. *Cumberland Valley R. R. Co.* 23 Penn. 384; *Shields* v. *George*, 15 Geo. 349; *Madison and Indianapolis R. R. Co.* v. *Bacon*, 6 Ind. 205.

The doctrine of the case in 15 Ill. and 21 ib. *supra*, was followed and adhered to with no shadow of change by *Moss* v. *Johnson*, 22 Ill. 633; *Ch. and N. W. R. R. Co.* v. *Swett, Adm.* 45 ib. 201; *Ill. Cent. R. R. Co.* v. *Jewell*, 46 ib. 99; *Chicago and Alton R. R. Co.* v. *Keefe*, 47 ib. 108; and *Same* v. *Murphy*, 53

ib. 336; *C. B. and Q. R. R. Co.* v. *Gregory,* 58 ib. 272; *C. and A. R. R. Co.* v. *Sullivan,* 63 ib. 293.

In Keefe's case, *supra,* this court said, commenting upon the cases in 15 Ill. 20, and 22 Ill. *supra,* that the decisions therein were in conformity with the great current of authorities, and that the question, whether one servant could recover against the common master for injuries resulting from the carelessness of a fellow-servant, if the master had used due diligence in their selection, was no longer an open question in this court.

In this case the facts agreed concede the competency of the fellow-servants of the injured party, and in opposition to these decisions of this court of last resort, pronounced with great unanimity, establishing the doctrine, the circuit court, by its judgment, totally ignored them, and held them for naught. Either the learned judge had forgotten these cases, or perceived something in the facts of this case taking it out of the rule established in them. But we fail to perceive anything which can or should take this case out of the operation of the rule we have so frequently announced.

Many other later cases are referred to by appellant, which are directly in point with this. Among them *Fitzharmon* v. *R. R. Co.* 10 Cushing, 228; *Russell* v. *R. R. Co.* 17 N. Y. 134; *O. and M. R. R. Co.* v. *Tindall,* 13 Ind. 366, and numerous other cases, all recognizing the same doctrine.

Appellee's counsel, with commendable candor, admits the law to be as these cases declare it to be, but complains of its harshness, expressing a hope that it may be relaxed.

We do not well perceive how such corporations could perform the duties they owe the public if amenable to an action for an injury to one servant caused by the negligence of a fellow-servant, the corporation having provided competent servants.    •

As was said in Cox's case, *supra,* a party entering into such service undertakes to run all the ordinary risks incident to the service, and this includes the risk of occasional negligence

or unskilfulness on the part of his fellow-servants engaged in the same line of duty, or incident thereto.

It is complained as negligence that the gravel cars had no seats—no side protection, and were dangerous. This is all true, and deceased knew that when he entered into the service, and graduated his wages accordingly.

It would hardly be expected these cars should be fitted up with side railings, cushioned seats, or reclining or other chairs. All the hands knew there were no such conveniences, and their only chance for rest, in a run of four miles, would be the platform of the cars.

What good would it do to ring a bell or sound a whistle at a crossing under such circumstances, taking into consideration the men upon the platform ? It would be of no service to them, and the omission could not have contributed in the slightest to the accident. Nor was this a point mooted in the case.

The judgment of the circuit court, being against all the authorities on the question, and against the rule as announced by this court, is reversed, and as no cause of action is shown, the cause will not be remanded. The costs will be taxed against appellee, both in this court and the court below, to be paid in due course of administration.

*Judgment reversed.*