BANK OF AMERICA, N.A., Successor in Interest by Merger with NationsBank, NA, Plaintiff and Counterdefendant-Appellant, v. ROSS E. BIRD, a/k/a Ross Eugene Bird, Defendant and Counterplaintiff-Appellee (Vicki C. Bird, a/k/a Vicki Carol Bird, et al., Defendants).

Fifth District   No. 5—08—0188

Opinion filed July 8, 2009.

Terry Sharp, of Law Office of Terry Sharp, P.C., of Mt. Vernon, and Lawrence M. Benjamin, of Neal, Gerber & Eisenberg, LLP, of Chicago, for appellant.

Douglas A. Antonik, of Antonik Law Offices, of Mt. Vernon, for appellee.

JUSTICE DONOVAN delivered the opinion of the court:

The plaintiff, Bank of America, N.A., successor in interest by merger with NationsBank, NA (Bank of America), filed an action in the circuit court of Jefferson County to foreclose its mortgage liens on a house jointly owned by the defendants, Ross E. Bird and Vicki C. Bird, and Ross Bird filed a three-count counterclaim alleging negligence, fraud, and violations of the Illinois Notary Public Act (Notary Act) (5 ILCS 312/1—101 et seq. (West 2004)). The circuit court denied Bank of America's motion to strike Bird's jury demand, but it certified two questions of law for appeal pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)). This court granted Bank of America's application for leave to appeal. The certified questions are (1) whether the Notary Act exclusively governs the liability of the employer of a notary public and preempts common law theories of recovery against the employer and (2) whether a litigant is entitled to a jury trial on a claim for civil damages brought pursuant to the Notary Act.

Bank of America brought an action to foreclose its mortgage liens on a house jointly owned by the defendants. Ross Bird filed affirmative defenses and a counterclaim. Therein, he alleged that his wife, Vicki, forged his signature on a mortgage document covering a $44,000 loan and on a separate mortgage document covering a $20,000 home equity line of credit; that a notary public employed by Bank of America notarized signatures on the mortgage documents without satisfactory evidence that the signatures were actually true signatures of Ross Bird; and that Bank of America was liable for damages as a result of its employee's negligence, violations of the Notary Act, and fraud.

Bank of America moved for a summary judgment on Ross Bird's counterclaims on the grounds that the liability of an employer for the misconduct of its notary public is exclusively governed by the Notary Act; that under the Notary Act, an employer is not liable unless it consented to the misconduct; and that there is no allegation or any evidence that it consented to the alleged misconduct. The circuit court denied the motion for a summary judgment.

Bank of America filed a motion to strike or limit Ross Bird's demand for a jury trial on his counterclaim. Bank of America asserted that the Notary Act does not provide a right to a jury trial in an action alleging civil damages arising from violations of its provisions and that the counts of negligence and fraud are preempted by the Notary Act and should not be tried at all. The circuit court denied Bank of America's motion to strike the jury demand, indicating that an employer may be liable for a notary's breach according to principles of agency in Illinois under proper circumstances. Pursuant to Supreme Court Rule 308(a), the court expressly found that the Bank's motion and the order thereon involved questions of law about which there were substantial grounds for difference of opinion and that an immediate appeal of the questions might materially advance the termination of the litigation. The court certified two questions: (1) whether the Notary Act exclusively governs the liability of the employer of a notary public and preempts common law theories of recovery and (2) whether a litigant is entitled to a jury trial on claims brought under the Notary Act.

Bank of America filed an application for leave to appeal pursuant to Rule 308(a), and leave was granted. In a Rule 308 appeal, questions of law are reviewed *de novo*. *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92, 96, 787 N.E.2d 771, 773-74 (2003).

The first question is whether the Notary Act exclusively governs the liability of the employer of a notary public and preempts common law theories of recovery.

■ The current version of the Notary Act became effective on July 1, 1986. 5 ILCS 312/8—104 (West 2004). The legislation repealed the 1872 statute governing notaries public, as amended (Ill. Rev. Stat. 1985, ch. 99, par. 1 *et seq.*). 5 ILCS 312/8—103 (West 2004). The current version of the Notary Act provides that its underlying purposes are "(1) to simplify, clarify, and modernize the law governing notaries public[ ] and (2) to promote, serve, and protect the public interest." 5 ILCS 312/1—102(b) (West 2004). The current version restated certain provisions from the previous version. The current version also served to update certain provisions. For example, the amount of the surety bond was increased (compare 5 ILCS 312/2—105 (West 2004) with Ill.

Rev. Stat. 1985, ch. 99, par. 4), and the penalty classification for certain acts of official misconduct was changed from a petty offense to a misdemeanor (compare 5 ILCS 312/7—105 (West 2004) with Ill. Rev. Stat. 1985, ch. 99, pars. 16.1, 18.1). See 84th Ill. Gen. Assem., House Proceedings, June 30, 1985, at 34-39. The current version added some provisions that had not been a part of the previous version. The additions include the aforementioned statement of statutory purposes, sections identifying permissible notarial acts (5 ILCS 312/6—102 (West 2004)) and prohibited acts (5 ILCS 312/6—104 (West 2004)), and a section regarding the liability of the employer of a notary public (5 ILCS 312/7—102 (West 2004)).

■ Section 7—101 provides that a notary public and the surety on the notary's bond are liable to persons involved for all damages caused by the notary's official misconduct. 5 ILCS 312/7—101 (West 2004). Section 7—102 provides that the employer of a notary public is also liable to the persons involved for all damages caused by the notary's official misconduct if the notary was acting within the scope of his employment at the time he engaged in the official misconduct and the employer consented to the notary's official misconduct. 5 ILCS 312/7—102 (West 2004). Section 7—104 provides that a notary commits official misconduct when he or she engages in a knowing, reckless, or intentional wrongful exercise of a power or wrongful performance of a duty, and it states that the term "wrongful" means "unauthorized, unlawful, abusive, negligent, reckless, or injurious." 5 ILCS 312/7—104 (West 2004); 84th Ill. Gen. Assem., House Proceedings, June 30, 1985, at 34-39.

Bank of America argues that in rewriting the Notary Act, the legislature adopted a specific standard for employer liability that supercedes and replaces the common law on this subject matter. Bank of America asserts that the current statutory scheme demonstrates a legislative intent to exclusively govern the liability of the employer of a notary public and to preempt common law theories of recovery against a notary's employer.

■ It has been long held that where the legislature enacts a statute establishing a means for the enforcement of existing rights, there is no presumption that the statutory means is intended to be exclusive and to abolish all other actions at common law or equity. *Kosicki v. S.A. Healy Co.*, 380 Ill. 298, 44 N.E.2d 27 (1942); *Chicago, Wilmington & Vermilion Coal Co. v. People*, 214 Ill. 421, 444, 73 N.E. 770, 776-77 (1905); *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 336, 826 N.E.2d 413, 425 (2005). In passing the current version of the Notary Act, the legislature did not proclaim or display an intent to abolish all actions in equity or common law that existed before the

legislation was enacted. There is no indication that the legislature intended that the Notary Act should have a preemptive effect on common law claims. The legislature specially provided that the Notary Act was enacted to protect the public interest and to simplify, modernize, and clarify the common law, rather than to supplant it.

The duty of care owed by a notary public is one of common tort law. See J. Cranstoun, Brooke On the Office and Practice of a Notary of England, ch. II, at 23-24 (7th ed. 1913) (hereinafter Brooke). A notary undertakes to use a reasonable amount of skill and ordinary care and diligence as is usually employed by persons of ordinary capacity engaged in his profession and that amount of care and diligence as persons of common prudence are in the habit of using in their own business. Brooke, at 24. Stated differently, a notary must exercise the skill and care that can reasonably be required of a skillful and careful person under similar circumstances. Brooke's treatise notes that a notary must be loyal to his clients and that he must act in good faith. A notary who is guilty of fraud or dishonorable conduct is amenable to having his authority revoked, and a notary who is guilty of negligence or breach of duty is subject to liability to persons with regard to whom he owed a duty. Brooke, at 24-25.

The question before us, however, deals with the liability of the employer of a notary public. At common law, an employer was subject to vicarious liability for his employees under the doctrine of *respondeat superior*. 1 W. Blackstone, Commentaries *410. At common law, the master was liable for the acts of his servant while the servant was carrying into effect the master's orders where the acts were for the good of the master and sufficiently within the course of employment. See *Turberville v. Stampe*, 1 Salk. 13, 1 Ld. Raym. 264 (1698); *Powles v. Hider*, 6 El. & Bl. 207, 25 L.J.Q. 331 (1856). Applying the common law concept of *respondeat superior* in Illinois, an employer has been held liable for his employee's misconduct if the misconduct is within the scope of the employment. See *Moir v. Hopkins*, 16 Ill. 313 (1855); *Tuller v. Voght*, 13 Ill. 277, 285 (1851).

■ ■ In order to show that an employee's actions are within the scope of his employment, the conduct must be of the kind the employee is employed to perform, must occur substantially within the authorized time and space limits, and must be actuated at least in part to serve the employer, rather than be for the employee's personal ends. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 164-65, 862 N.E.2d 985, 991-92 (2007); Restatement (Second) of Agency §228 (1958). At common law, a master could also be held liable under ordinary negligence principles for a breach of duty to third parties where he breached a duty to control his employees when he knew that some control was necessary

and the ability to control existed. See 1 W. Blackstone, Commentaries *410; see also *Sunseri v. Puccia*, 97 Ill. App. 3d 488, 494, 422 N.E.2d 925, 930-31 (1981).

■ Under section 7—102 of the Notary Act, the employer of a notary is held liable for its employee's negligent conduct if the employee was acting within the scope of his employment at the time he engaged in official misconduct, as defined, and if the employer consented to the notary's official misconduct. 5 ILCS 312/7—102 (West 2004). The word "consent" is not defined in the Notary Act. In ordinary usage, consent means to agree, to give assent or approval, or to concur in some act or purpose. Webster's Third New International Dictionary 482 (1986). Applying that ordinary meaning under section 7—102, an employer may be held liable if its notary-employee was acting within the scope of his employment when he engaged in official misconduct and if the employer agreed with, encouraged, or approved of the official misconduct. Under this provision, the employer is an active tortfeasor and is to be held accountable for his own malfeasance. The negligence or recklessness of the employer may be actionable independent of an employer's vicarious liability. See *Vancura v. Katris*, 391 Ill. App. 3d 350, 907 N.E.2d 814 (2008).

In our view, the Notary Act is not a comprehensive remedial statutory scheme. The statutory liability of an employer under the Notary Act does not preempt other common law theories of liability and recovery. The Notary Act provides a cumulative remedy rather than an exclusive remedy. Accordingly, the answer to the question whether the Notary Act exclusively governs the liability of the employer of a notary public and preempts common law theories of recovery against the employer is no.

■ The second question is whether a litigant is entitled to a jury trial on civil actions alleging violations of the Notary Act. The Notary Act does not authorize a jury trial in civil actions for damages arising from a violation of its provisions. A statutory right that was unknown at common law does not confer the right to a jury in the absence of statutory language conferring that right. See *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 72-74, 643 N.E.2d 734, 753 (1994). The Illinois Constitution provides a right to a jury trial only in those cases where that right existed at common law at the time the constitution was originally adopted. *Martin*, 163 Ill. 2d at 72-73, 643 N.E.2d at 753; Ill. Const. 1970, art. I, §13. Courts consider the English common law to determine whether the common law recognized the nature of the controversy alleged. *Doe v. Chand*, 335 Ill. App. 3d 809, 817, 781 N.E.2d 340, 347 (2002). Consistent with our analysis on the first certified question, the liability of an employer for his own negligent, reck-

less, or intentional misconduct was not unknown at common law. Further, the underlying interests protected by the Notary Act are not dissimilar to those long protected at common law. We conclude that there is a right to a trial by jury for civil actions alleging violations of the Notary Act. Accordingly, the second certified question is answered in the affirmative.

In this decision, we express no position on the adequacy of the pleadings or the merits of any claims or defenses in the case at bar. We have considered only the certified questions posed. Having answered those questions, we remand this case to the circuit court for further proceeedings.

Certified questions answered; cause remanded.

CHAPMAN and SPOMER, JJ., concur.