**SIXTH DIVISION**
**November 13, 2009**

No. 1-09-0386

| | | |
|---|---|---|
| NOLA WILSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL E. MOLDA, | ) | No. 07 L 8517 |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| (Metrolift, Inc., | ) | Honorable |
| | ) | Jennifer Duncan-Brice, |
| Defendant-Appellee). | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

The sole issue on this appeal is whether subsection (b) of section 2-616 of the Code of Civil Procedure applied to the facts of this case. 735 ILCS 5/2-616(b) (West 2006). Subsection (b) is a relation-back statute that permits the addition of certain claims, even after the statute of limitations has expired, if the claims relate back to a timely filed claim. 735 ILCS 5/2-616(b) (West 2006). If subsection (b) applied, then plaintiff Nola Wilson would have been able to pursue her suit against defendant Metrolift, Inc., for injuries that she sustained when a vehicle driven by

1

defendant Michael E. Molda, a Metrolift employee, collided with her vehicle. Plaintiff sought to add defendant Metrolift to her suit after the two-year statute of limitations had expired. The trial court found that plaintiff's claim against defendant Metrolift was time-barred, and granted defendant Metrolift's motion to dismiss.

For the reasons stated below, we find that subsection (b) does not apply to the facts at bar and that plaintiff's cause of action against defendant Metrolift is therefore time-barred. Accordingly, we affirm.

BACKGROUND

Plaintiff Nola Wilson and defendant Michael E. Molda were the drivers of two vehicles that collided on August 17, 2005. On August 13, 2007, just a few days before the two-year statute of limitations was about to expire, plaintiff filed suit against defendant Molda for injuries sustained during the collision.

Months after the statute of limitations had expired, plaintiff learned that the defendant driver had been in the employ of defendant Metrolift, Inc. (Metrolift), when the accident occurred. On February 14, 2008, defendant Molda stated, in response to interrogatories by plaintiff, that he had been employed by defendant Metrolift at the time of the accident. The relevant interrogatories were Nos. 14

2

No. 1-09-0386

and 15, and they stated in full:

> "14.  Were you employed at the date of the occurrence?  If so, state the name and address of your employer, and the date of employment and termination, if applicable. If your answer is in the affirmative, state the position, title and nature of your occupational responsibilities with respect to your employment.
>
> ANSWER: YES.  METROLIFT INC., [address and telephone number].  EMPLOYED 8/14/04 TO 8/6/07.  OUTSIDE SALES REPRESENTATIVE/TERRITORY MANAGER. VISITATION OF CONSTRUCTION SITES AND OFFICES.
>
> 15.  What was the purpose and/or use for which the vehicle was being operated at the time of the occurrence?
>
> ANSWER: CALLING ON CUSTOMER OFFICES AND VISITING CONSTRUCTION SITES

3

TO SEEK NEW BUSINESS FOR AERIAL LIFT

EQUIPMENT RENTALS."

In his interrogatory response, defendant Molda also stated that the vehicle was not owned by either Metrolift or himself, but by Margo T. Clemens, and that the vehicle "was sent to salvage" after the accident. In her appellate brief, plaintiff asserts that Clemens is Molda's mother.

On March 10, 2008, plaintiff filed a motion for leave to amend her complaint, which was granted on March 21, 2008. Plaintiff's motion stated in relevant part:

> "4. On information and belief, at the time of the occurrence Defendant MOLDA's vehicle was covered by an umbrella commercial insurance policy through his employer Metrolift, Inc., as Defendant, MOLDA, was in the course of his employment as an outside sales representative/territory manager.
>
> 5. Plaintifff, WILSON, recently received Defendant MOLDA's Answers to Interrogatories and first became aware and /or placed on notice by

Defendant's Answer to Interrogatories, specifically,

Questions Number 14 and 15 [quoted above] in which he

answered in the affirmative that he was specifically in

the course of his employment at the time of the

accident."

On April 23, 2008, plaintiff filed an amended complaint that added

Metrolift as a defendant, and added count II, which alleged that defendant

Metrolift was liable for defendant Molda's negligence under the theory of

respondeat superior. On May 13, 2008, in his answer to plaintiff's amended

complaint, defendant Molda denied any negligence, but "admitt[ed] that on the

date and approximate time stated [for the accident], defendant was acting within

the course of his employment for Metrolift."

On May 29, 2008, defendant Metrolift filed a motion to strike count II. This

motion said nothing about the statute of limitations. It sought to strike count II

only on the grounds that the allegations were not verified and that they made

irrelevant claims about insurance coverage. 735 ILCS 5/2-605(a), 5/2-615(a)

(West 2006). In the case at bar, the original complaint was verified, and the

amended complaint was not. Section 2-605(a) requires that if any pleading is

5

verified, "every subsequent pleading must also be verified, unless verification is excused by the court." 735 ILCS 5/2-605(a) (West 2006).

A scheduling order dated June 13, 2008, referred to two motions by defendant Metrolift: (1) the motion, described above, to strike the paragraphs that were unverified and referred to insurance; and (2) a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2006). The appellate record does not contain a section 2-619 dismissal motion, filed prior to June 13. The first section 2-619 dismissal motion in the appellate record is dated July 18 and is described below.

On June 23, 2008, plaintiff moved to vacate the scheduling order, previously set by the trial court on June 13, in order to allow her time to take the depositions of both defendant Molda and a representative of defendant Metrolift. The trial court granted this motion on July 10, 2008.

On July 18, 2008, defendant Metrolift filed an "amended motion to dismiss" which asserted the statute of limitations as a bar. This amended motion sought dismissal pursuant to section 2-619(a)(5) of the Code of Civil Procedure, which permits dismissal if "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2006).

6

On December 3, 2008, after the relevant discovery was taken, plaintiff filed its memorandum of law in opposition to defendant's amended motion. In its memorandum, plaintiff argued, first, that since defendants Metrolift and Molda were jointly and severally liable under the theory of respondeat superior, the timely filing against defendant Molda preserved plaintiff's claim against defendant Metrolift. In other words, plaintiff argued that her timely filing against one defendant satisfied the statute of limitations with respect to the other defendant.

Second, plaintiff argued that, even if the court found that the statute of limitations was a bar, plaintiff's claim against defendant Metrolift is saved by the relation-back provision contained in subsection (b) of section 2-616 of the Code of Civil Procedure. 735 ILCS 5/2-616(b) (West 2006).

In a written opinion issued January 16, 2009, the trial court found that plaintiff's claim against defendant Metrolift was not saved by subsection (b). 735 ILCS 5/2-616(b) (West 2006). The trial court also found that the claim was not saved by subsection (d), even though plaintiff had never argued that subsection (d) applied. 735 ILCS 5/2-616(d) (West 2006). For these reasons, the trial court found that plaintiff's claim against defendant Metrolift was barred by the applicable two-year statute of limitations, and granted defendant Metrolift's

motion to dismiss. 735 ILCS 5/13-202 (West 2006) (providing a two-year statute of limitations for personal injury actions).

On January 16, 2009[1], the trial court also issued a written order stating that, pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), there was no just reason to delay either enforcement or appeal. Supreme Court Rule 304(a) permits a plaintiff in a multidefendant action to take an appeal from a final judgement as to only one defendant, if the trial court makes an express finding that "there is no just reason for delaying either enforcement or appeal." 210 Ill. 2d R. 304(a). After the trial court's express finding, plaintiff filed a notice of appeal on February 11, 2009, and this appeal followed.

## ANALYSIS

### Standard of Review

On appeal, plaintiff asks us to reverse the trial court's order, issued pursuant to section 2-619(a)(5) of the Code of Civil Procedure. 735 ILCS 5/2-619(a)(5) (West 2006). "A motion to dismiss, pursuant to section 2-619 of the Code, admits

---

[1]In the record on appeal, the order is stamped with a file date, but someone wrote "18" in blue ink over the day of the month. In the notice of appeal, plaintiff refers to the filing date of this order as January 26, 2009.

the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." DeLuna v. Burciaga, 223 Ill. 2d 49, 50 (2006); Solaia Technology LLC v. Specialty Publishing Co., 221 Ill. 2d 558, 579 (2006). For a section 2-619 dismissal, our standard of review is de novo. Solaia Technology, 221 Ill. 2d at 579.

In addition, our supreme court has held that the standard of review is de novo, when the question before the trial court was whether a new claim in an amended complaint related back under subsection (b). Porter v. Decatur Memorial Hospital, 227 Ill. 2d 343, 353 (2008), discussing 735 ILCS 5/2-616(b) (West 2004).

Timeliness of the Section 2-619 Motion

"For a motion to be properly brought under section 2-619, the motion (1) must be filed 'within the time for pleading,' and (2) must concern one of nine listed grounds." River Plaza Homeowner's Ass'n v. Healey, 389 Ill. App. 3d 268, 275 (2009), quoting 735 ILCS 5/2-619(a) (West 2006).

We cannot determine whether the first requirement of a timely filing was satisfied, since we cannot determine from the appellate record when defendant first moved pursuant to section 2-619. It appears from the trial court's June 13,

9

2008, scheduling order, that defendant Metrolift had already filed a section 2-619 motion, at some earlier, unspecified date. However, no such earlier motion appears in the appellate record. The first section 2-619 motion in the appellate record is dated July 18, 2008, and is labeled an "amended motion to dismiss," which would make us believe that there was an earlier section 2-619 motion that the July 18 motion then amended.

We do not find defendant's motion defective on this ground for two reasons. First, plaintiff did not claim either at the trial level or on this appeal that defendant Metrolift failed to file its section 2-619 motion "within the time for pleading." 735 ILCS 5/2-619(a) (West 2006). "Issues not raised are waived." River Plaza, 389 Ill. App. 3d at 275 (finding that plaintiff had waived the issue of whether certain defendants had filed a timely section 2-619 motion). Second, if there was something necessary and material that was missing from the appellate record, it was appellant's burden to provide it. Luss v. Village of Forest Park, 377 Ill. App. 3d 318, 331 (2007); Peleton, Inc. v. McGivern's, Inc., 375 Ill. App. 3d 222, 227 (2007); Smolinski v. Vojta, 363 Ill. App. 3d 752, 757 (2006).

The second requirement for a section 2-619 motion is that it must concern one of the nine grounds listed in section 2-619. River Plaza Homeowner's Ass'n

10

v. Healey, 389 Ill. App. 3d 268, 275 (2009), quoting 735 ILCS 5/2-619(a) (West 2006). Defendant Metrolift's motion to dismiss concerned the fifth ground listed in section 2-619, which permits dismissal if "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2006); Porter, 227 Ill. 2d at 352 ("an assertion that a claim is barred by the statute of limitations is a matter properly raised by a section 2-619 motion to dismiss"). Thus, we find that defendant Metrolift's dismissal motion satisfied both the timing and the subject requirements for a section 2-619 motion.

## Parties' Arguments

The parties are in complete agreement that the time period limited by law was two years from August 17, 2005, the date of the accident. 735 ILCS 5/13-202 (West 2006) (providing a two-year statute of limitations for personal injury actions). There is also no dispute that defendant Metrolift was added to this action as a named defendant, after this two-year period had already expired. The sole issue on appeal is whether plaintiff's timely filing against defendant Molda preserved plaintiff's claims against his unnamed employer.

On appeal, plaintiff argues, first, that since defendants Metrolift and Molda were jointly and severally liable under the theory of respondeat superior, the

timely filing against defendant Molda preserved plaintiff's claim against the unnamed Metrolift. Simply put, plaintiff argues that her timely filing against one defendant satisfied the statute of limitations with respect to the other defendant.

Second, plaintiff argues that, even if this court finds that the statute of limitations was a bar, plaintiff's claim against defendant Metrolift is saved by the relation-back provision contained in subsection (b) of section 2-616 of the Code of Civil Procedure. 735 ILCS 5/2-616 (b) (West 2006).

Doctrine of <u>Respondeat</u> <u>Superior</u>

Plaintiff's first argument is that, since the employer was jointly and severally liable under the theory of <u>respondeat</u> <u>superior</u>, the timely filing against its employee preserved plaintiff's claim against the employer.

Since plaintiff can point to nothing in the statute of limitations itself or in any case interpreting it[2] that suggests that a filing against one defendant preserves a claim against another defendant, plaintiff argues that this is a case of first

---

[2]In her reply brief, plaintiff admits that she can cite "no case in which a court permitted [a plaintiff] to add an employer as a defendant after the statute of limitations on the basis that the employer's liability is based on <u>respondeat</u> <u>superior</u>."

impression and asks us to be the first and only court in Illinois history to hold that the filing of a claim against an employee automatically preserves any claims against his or her employer, so long as the claims arose out of the same transaction and occurrence alleged against the employee and so long as they arose out of his or her employment. We decline plaintiff's invitation to rewrite the existing statute of limitations, as we believe that is the job of the legislature. 735 ILCS 5/13-202 (West 2006) (providing a two-year statute of limitations for personal injury actions). See also Roselle Police Pension Board v. Village of Roselle, 232 Ill. 2d 546, 558 (2009) (we must apply statutes as "they are written and cannot rewrite them").

Here's the problem with plaintiff's argument. Both respondeat superior and statute of limitations are concepts that have existed for hundreds of years, first in England and then subsequently adopted by the American states. Keener v. Crull, 19 Ill. 189, 191-205 (1857) (Breese, J., concurring) (providing a brief history of statutes of limitations in both England and America, starting with "the reign of James the First"); Toledo, Wabash & Western Ry. Co. v. Durkin, 76 Ill. 395, 396 (1875) (noting the existence of the "doctrine of respondeat superior" in both the courts of England and America); Bank of America, N.A., v. Bird, 392 Ill. App. 3d

621, 626 (2009) (discussing the application of <u>respondeat</u> <u>superior</u> doctrine in common law in England and in early Illinois), citing <u>Turberville v. Stampe</u>, 1 Salk 13, 1 Ld. Raym. 264 (1698). Both have been part of Illinois state law since the 1800's. <u>Keener</u>, 19 Ill. at 191-205; <u>Toledo, Wabash & Western Ry.</u>, 76 Ill. at 396; <u>Bank of America</u>, 392 Ill. App. 3d at 626, citing <u>Moir v. Hopkins</u>, 16 Ill. 313 (1855) and <u>Tuller v. Voght</u>, 13 Ill. 277, 285 (1851). When two legal doctrines have existed for hundreds of years and when plaintiff can point to no court or legislature that has changed these doctrines, then this can hardly be labeled a case of first impression. It is much more likely that no one in all that time thought that merging the two concepts was a good idea. We must follow in the footsteps of our predecessors and find the same.

Relation-Back Sections

Second, plaintiff argues that, even if this court finds that the statute of limitations was a bar, plaintiff's claim against defendant Metrolift is saved by the relation-back provision contained in subsection (b) of section 2-616 of the Code of Civil Procedure. 735 ILCS 5/2-616(b) (West 2006).

The statute of limitations contains two relation-back provisions: subsection (b) which permits a plaintiff, under certain circumstances, to add claims to an

existing action; and subsection (d) which permits a plaintiff to name an additional defendant in cases of mistaken identity.  735 ILCS 5/2-616 (b), (d) (West 2006); Morton v. Madison County Nursing Home Auxiliary, 198 Ill. 2d 183, 187 (2001) (subsection (d) "was designed to afford relief" in "instances of mistaken identity"); Porter, 227 Ill. 2d at 358-60 (subsection (b) applies "where a party seeks to add a new legal theory to a set of previously alleged facts" or to add "new factual" allegations that bear a "'sufficiently close relationship" in time, character and events to the original allegations).   The trial court held that neither subsection saved plaintiff's cause of action against defendant Metrolift.

Plaintiff stated unequivocally in its reply brief to this court: "[p]laintiff has never argued that this is a case of mistaken identity, or that relief is proper under 735 ILCS 5/2-616(d)."  Thus, plaintiff stakes her appeal solely on the saving grace of subsection (b).  Nonetheless, we provide the full text of both subsections, because a comparison of the wording of the two demonstrates why subsection (b) does not apply.

Plaintiff argues that a literal reading of subsection (b) permits relation-back for all claims arising out of the originally named transaction or occurrence, whether or not the defendant was originally named.  Subsection (b) provides in

15

No. 1-09-0386

full:

> "The <u>cause of action</u>, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, [(1)] <u>if the time prescribed or limited had not expired when the original pleading was filed</u>, and [(2)] <u>if it shall appear from the original and amended pleadings that the cause of action asserted</u>, or the defense or cross claim interposed in the amended pleading <u>grew out of the same transaction or occurrence</u> set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or

16

defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Emphasis added.) 735 ILCS 5/2-616(b) (West 2006).

By its terms, subsection (b) allows a claim to relate back if: (1) the original complaint was filed within the limitations period; and (2) the new claim "grew out of the same transaction or occurrence" as the one alleged in the original complaint. Subsection (b) does not speak of adding defendants, but only of adding claims.

By contrast, subsection (d) speaks in terms of adding defendants. It specifies when a plaintiff may add "[a] cause of action against a person not originally named a defendant." 735 ILCS 5/2-616(d) (West 2006). Subsection (d) provides in full:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time

17

prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in

fact been performed, and even though the person was not

named originally as a defendant.  For the purpose of

preserving the cause of action under those conditions, an

amendment adding the person as a defendant relates back

to the date of the filing of the original pleading so

amended."  (Emphasis added.)  735 ILCS 5/2-616(d)

(West 2006).

As subsection (d) expressly states, it applies only to cases involving "a mistake

concerning the identity of the proper party."   735 ILCS 5/2-616(d) (West 2006).

Plaintiff, defendant and the trial court all agree that subsection (d) applies only in

cases of mistaken identity and thus it does not save plaintiff's claims against

defendant Metrolift.  Morton, 198 Ill. 2d at 187 (subsection (d) "was designed to

afford relief" in "instances of mistaken identity").

Instead of relying on subsection (d), plaintiff argues that subsection (b), by

its terms, applies to claims against any individual, so long as those claims arose

out of the same transaction or occurrence as the timely filed complaint.  For the

following reasons, we are not persuaded by plaintiff's interpretation of subsection

(b)

First, subsection (b), by its terms, applies only to the addition of "causes of action, cross claim[s] or defense[s]." 735 ILCS 5/2-616(b) (West 2006). Longnecker v. Loyola University Medical Center, 383 Ill. App. 3d 874, 887 (2008) (applies only to the addition of causes of action, cross-claims and defenses). " '[S]tatutory language ought to be given its plain and ordinary meaning.' " People v. Bair, 379 Ill. App. 3d 51, 59 (2008), quoting People ex rel. Devine v. Sharkey, 221 Ill. 2d 613, 617 (2006). The subsection says nothing about adding defendants, and we cannot write in what is not there. Roselle, 232 Ill. 2d at 558 (we must apply statutes as "they are written and cannot rewrite them").

Second, subsection (b), which speaks only of adding new claims, stands in marked contrast to a subsection of the same statutory section, namely subsection (d) which specifies when the addition of a new defendant is permitted. Basic rules of statutory construction require us to read one statutory section as a consistent whole. " '[W]e construe statutes as a whole' with each phrase construed in connection with every other phrase." Bair, 379 Ill. App. 3d at 59, quoting Sharkey, 221 Ill. 2d at 617; In re E.B., 231 Ill. 2d 459, 466 (2008) (we must construe a statute "as a whole" and "in light of other relevant provisions of the statute"). When interpreting a statute, we must consider its overall " 'legislative design.' "

20

Bair, 379 Ill. App. 3d at 60, quoting People v. Murphy, 108 Ill. 2d 228, 234 (1985). Reading the statutory section as a consistent whole confirms our conclusion that its subsection (b) was intended, as it was written, only for the addition of claims, while its subsection (d) was intended, as it was written, for the addition of defendants.

Third, another section of the Code of Civil Procedure required the original complaint to name all the parties, including all the defendants. Section 2-401 states that a complaint must provide "the names of all parties for and against whom relief is sought." 735 ILCS 5/2-401(c) (West 2006). Thus, when subsection (b) speaks of adding claims, and only claims to a complaint, the presumption is that the original complaint was otherwise properly filed and that it listed all the required defendants, as it was compelled to do.

Last but certainly not least, plaintiff fails to cite a case in which a court permitted a plaintiff to use subsection (b) to add a new defendant. C.f. Porter, 227 Ill. 2d at 361 (where plaintiff did not seek to add a second hospital employee as a defendant, his additional count against defendant hospital, based on the negligence of this second hospital employee, related back under subsection (b)). See Roiser v. Cascade Mountain, Inc., 367 Ill. App. 3d 559, 568 (2006) (by failing to offer

21

supporting legal authority, plaintiffs waived consideration of their theory); <u>People v. Ward</u>, 215 Ill. 2d 317, 332 (2005) ("point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited.").

For these reasons, we are not persuaded by plaintiff's interpretation of subsection (b). 735 ILCS 5/2-616(b) (West 2006).

CONCLUSION

For the foregoing reasons, we affirm. Plaintiff's cause of action against defendant Metrolift is barred by the statute of limitations; and the relation-back provision contained in subsection (b) of section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616(b) (West 2006)) does not save it. We express no opinion concerning any indemnification claim that defendant Molda may have

against Metrolift, since the trial court made no ruling concerning indemnification.

Affirmed.

J. GORDON and McBRIDE, JJ., concur.